The DETROIT & TOLEDO SHORE LINE RAILROAD CO., Plaintiff-Appellee,

v.

BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al., Defendants-Appellants.

No. 16257.

United States Court of Appeals
Sixth Circuit.

Feb. 3, 1966.

Richard M. Colasurd, Toledo, Ohio, Mulholland, Hickey & Lyman, Toledo, Ohio, of counsel, for appellants.

John M. Curphey, Toledo, Ohio, Robison, Curphey & O'Connell, Toledo, Ohio, on brief, for appellee.

Before PHILLIPS, Circuit Judge, CECIL, Senior Circuit Judge, and KENT, District Judge.*

KENT, District Judge.

Defendants-Appellants take this appeal from a judgment of the District Court by which a preliminary injunction was granted enjoining a strike by the members of the defendant Union.

---

* Honorable W. Wallace Kent, United States District Judge for the Western District of Michigan, sitting by designation.

Defendants complain that no hearing was held in the District Court prior to the granting of the injunction. The record shows that the complaint was filed on September 8, 1964. Attached thereto was a motion for preliminary injunction and an affidavit of plaintiff's general manager. There was also a motion for a temporary restraining order. Service was had upon a representative of the defendant Union, who was an individual defendant as well, on the evening of September 8, 1964. Counsel for the plaintiff informed counsel for the defendants by telephone that the papers had been filed and that the District Judge intended to hold a hearing at two o'clock the following day. At the time of the hearing all parties were represented by counsel. Counsel for the defendants stated that he was not familiar with the facts, and further stated, on more than one occasion, that he had evidence available to contravene the allegations of the affidavit filed in support of the application for temporary restraining order and preliminary injunction. Defendants also filed an affidavit, executed by the vice-president of the defendant Brotherhood of Locomotive Firemen and Enginemen.

It appears, without any question, that there is a dispute as to the facts of the case. The plaintiff Railroad, together with another railroad and four unions, entered into an agreement dated May 28, 1937, in regard to the, "meaning and explanation of inter-railroad road runs." The 1937 agreement was changed and superceded by an agreement between the same parties, executed on the 8th day of August, 1945. Paragraph Seventh of the 1945 agreement stated *inter alia*, "In the event a change * * * is desired by any of the parties * * * such parties shall give written notice * * * and unless the parties * * * agree upon a substitute agreement, this agreement shall automatically become null and void * * * and the provisions of the agreement suspended hereby shall again become in full force and effect." p. 92 Appellants' Appendix.

Notice pursuant to Paragraph Seventh was given to the plaintiff Railroad on April 19, 1958. This was considered by the parties to be a notice pursuant to Section 6 of the Railway Labor Act (45 U.S.C.A. § 156), there were conferences, the National Mediation Board took jurisdiction, the parties were unable to agree, arbitration was suggested and refused, the Mediation Board withdrew from the case and nothing further was done until August 11, 1964.

In the meantime a number of time claims had been asserted by members of the defendant Union under the 1937 agreement, all of which had been denied by the plaintiff Railroad. In August, 1964, the defendant Union reiterated its demand that the 1937 agreement be reinstated as provided by the 1945 agreement which demand was denied by the plaintiff Railroad. Thereafter, and on September 2, 1964, the members of the defendant Union went out on strike.

No witnesses were produced, no testimony was received before the preliminary injunction was granted. Defendants-Appellants claim that this case is controlled by Section 7 of the Norris-LaGuardia Act, 29 U.S.C.A. § 107, which provides that no injunction shall issue, "except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered * * *." Defendants also claim that Rule 65, Rules of Civil Procedure, 28 U.S.C.A., requires that a hearing be held.

The issue as to the necessity for hearing before the granting of a preliminary injunction has been before this Court previously, Carpenters' District Council, etc. v. Cicci, 261 F.2d 5, at page 8, wherein the Court, speaking through the late Judge Shackelford Miller, Jr., stated:

"But if the allegations of a complaint are denied by a defendant, [as was true in this case] he is entitled to a hearing, which includes the right to offer evidence in support of his fac-

tual claims. * * * A hearing embodies the right to be heard on the controverted facts, as well as upon the law." (Cases cited)

To the contrary see Hoffritz v. United States, 9 Cir., 1956, 240 F.2d 109.

 This Court is satisfied that a labor dispute existed at the time in question, which distinguishes this case from Brotherhood of Rail. Train. v. New York Cent. R. Co., 6 Cir., 1957, 246 F.2d 114, 115. Since there was a labor dispute and a controversy over the facts a hearing should have been held, at which time the plaintiff should have been required to offer evidence in support of the allegations set forth in the complaint, and the defendants should have been afforded an opportunity to offer testimony in opposition thereto.

The judgment of the District Court is reversed, the preliminary injunction entered by the District Court is vacated, and the case is remanded with instructions that if the motion for preliminary injunction is pressed the parties shall be afforded a further hearing at which testimony shall be taken.