**SECURITIES AND EXCHANGE COM-MISSION, Plaintiff,**

v.

**Robert L. VESCO et al., Defendants.**

**No. 72 Civ. 5001.**

United States District Court,
S. D. New York.

May 17, 1973.

Robert E. Kushner, Asst. Gen. Counsel, Alan J. Blank, Sp. Counsel, Securities and Exchange Commission, Washington, D. C., for plaintiff.

Steptoe & Johnson, Calvin H. Cobb, Jr., Washington, D. C., Raichle, Banning, Weiss & Halpern, Frank G. Raichle, Buffalo, N. Y., James P. O'Neill, New York City, Poletti, Freidin, Prashker, Feldman & Gartner, Justin N. Feldman, Paul Grand, New York City, Martin & Obermaier, John S. Martin, Jr., New York City, Dornbush, Mensch, Mandelstam & Schwartz, Martin Mensch, Allen G. Schwartz, New York City, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Arthur Liman, Jack C. Auspitz, New York City, Squadron, Gartenberg, Ellenoff & Plesent, Theodore Ellenoff, Neal M. Goldman, New York City, Palmer & Serles, New York City, Michael F. Dennis, Garden City, N. Y., for defendants.

## MEMORANDUM

STEWART, District Judge:

Plaintiff Securities and Exchange Commission requests that the Court, in considering the Commission's Motion for Preliminary Relief, filed November 27, 1972, rely upon selected transcripts of sworn testimony [1] taken in the course of the Commission's investigation preceding the initiation of this lawsuit. Certain of the named defendants including I.O.S., Ltd., Transglobal Financial Services, Limited, I.O.S. Growth Fund Management Company Limited, I.I.T. Management Company (S.A.), FOF Management Company Limited and Venture Management Company Limited, John D. Schuyler and Edward A. Stoltenberg now move for the exclusion of these transcripts on the ground that the Court's determination whether preliminary relief is warranted should be based solely on the testimony of live witnesses subject to cross-examination at the hearing and documentary evidence properly admitted through such witnesses or by stipulation.

The transcripts which the Commission seeks to offer in evidence were originally submitted to the Court by the Securities and Exchange Commission on November 27, 1972, in support of its application for a preliminary injunction as part of twelve bound volumes of material, six of which consisted of investigatory transcripts taken prior to the commencement of this action, and six of which were copies of documents obtained by the Securities and Exchange Commission in the course of its investigation.[2] Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the Court, on December 20, 1972, entered an order on consent of the parties consolidating the hearing on plaintiff's application for a preliminary injunction with the trial of the action on the merits of Counts I and IV of the complaint and fixing March 5, 1973 as the date for commencement of the trial. However, during the weeks following the order of December 20th, changes in the

---

1. Transcripts of testimony of Maurice J. Whalen, pp. 1–169, Wilbert J. Snipes, James D. McMenamin, pp. 333–357, Herbert W. Becker.

2. A detailed chronology of the events and proceedings in this case has been previously recited in a memorandum opinion of the Court of February 16, 1973 relating to certain defendants' motion for a protective order.

circumstances surrounding this case which threatened to alter the status quo pending the trial on the merits necessitated this Court ordering a more expedited proceeding on the Commission's application. On March 7, 1973, the Court's previous direction with respect to consolidation was modified so as to permit a limited hearing relating solely to the Commission's motion for preliminary relief to commence March 20, 1973.

After several weeks of trial, it became apparent to the Court that due to the detailed and complex nature of the transactions underlying the charges alleged in the complaint, the Court and parties would be unduly burdened by a long and protracted preliminary hearing unless time limits were imposed. By order of April 10, 1973, the following schedule was set down:

(a) No later than May 4, 1973 the SEC shall complete the presentation of its direct case.

(b) No later than May 24, 1973 defendants shall complete their case.

(c) No later than June 1, 1973, reply and rebuttal by all parties.

 At the close of their direct case, the Commission requested the Court to admit into evidence portions of the investigatory transcripts. The precise question before us is whether the Court, by relying in part on these investigatory transcripts in addition to oral testimony presented at the hearing, would be grounding its decision with respect to preliminary relief wholly on evidence obtained and offered in a manner which comports with standards of fundamental fairness and due process of law. We conclude that the Court, in ruling on a motion for a preliminary injunction, has broad discretion to consider evidence other than live testimony adduced at a hearing and that admission

of the transcripts in question would not unjustly prejudice the defendants' case.

First, all the defendants have had notice of the subject matter contained in the transcripts since at least November 27, 1972 when these volumes were filed as public records with the Court. In large part, the testimony of these witnesses directly relates to specific allegations in the Commission's complaint and thus, the defendants cannot contest the relevance of the transcripts to the issues at hand. Moreover, in many instances, the same transactions and activities, which are the subject matter of these sworn transcripts, have been previously described to the Court by other witnesses at the hearing and therefore, the defendants have had more than adequate notice of the theories and contentions the Commission seeks to establish by the introduction of such evidence. Thirdly, a basic premise of the order of April 10th, prescribing a time schedule for the completion of the hearing, was that the Commission's demand for immediate relief to protect the public investors who are the victims of this alleged continuing fraud, as well as the Court's concern with the magnitude of this lawsuit and the need for judicial economy, required the parties to have the "courage of selectivity" in limiting the order and volume of proof to be presented at the hearing. Although during the course of the proceedings we experienced some unnecessary delay in the presentation of witnesses, the defendants have in no way been prejudiced thereby. The present time schedule assures the defendants at least two weeks within which they may offer evidence to counter all disputed issues of fact. During this time, they may call for cross-examination the witnesses whose investigatory transcripts the Commission here seeks to introduce, or, alternatively, they can rebut the Commission's evidence through the submission of affidavits in opposition.

 In considering a motion for a preliminary injunction under Rule 65 of

the Federal Rules of Civil Procedure, the Court has discretion to rely solely on affidavits, depositions and sworn testimony and, where there exists no sharp factual disputes, may dispense with an evidentiary hearing. 7 Moore, Federal Practice ¶ 65.04[3]; SEC v. Koenig, 469 F.2d 198 (2d Cir. 1972); SEC v. Frank, 388 F.2d 486 (2d Cir. 1968); Dopp v. Franklin National Bank, 461 F. 2d 873 (2d Cir. 1972); Ross-Whitney Corp. et al. v. Smith, Kline & French Laboratories, 207 F.2d 190 (9th Cir. 1953). Where, however, as in the case before the Court, the Commission proceeded with an evidentiary hearing on the issues in dispute, and later sought to offer supplemental evidence gathered during an investigatory hearing at which the defendants had no opportunity to cross-examine the witnesses, the authorities are less clear and the propriety of the Court relying on proof obtained other than at a hearing before the Court is more troublesome. In directing an evidentiary hearing be held, the Court is primarily concerned with giving the parties an opportunity to cross-examine a witness in order that the Court have the advantage of observing a witness' demeanor and passing on his credibility. However, this rule is generally applicable where the focus of inquiry is of a limited nature, for example, involving only one or two transactions, SEC v. Koenig, *supra* or turning directly on the credibility of a particular witness, Dopp v. Franklin Nat'l Bank, *supra*. In the instant case, the matter is far from being so straightforward. Rather, this is a lawsuit involving multiple defendants charged with violations of the securities laws based on numerous, complex transactions. In view of the request for prompt remedial relief and in recognition of the stringent time framework imposed on the parties at the hearing, it seems appropriate to admit into evidence portions of the investigatory record since the defendants will have ample opportunity to rebut this evidence. This resolution of the problem is consistent with the law in this circuit as expounded by Chief Judge Friendly in SEC v. Frank, *supra* and we feel it helpful to quote that opinion at length here,

"While it may be impossible to reconcile all the apparently conflicting statements as to the need for taking evidence before issuing a temporary injunction, see 7 Moore, Federal Practice ¶ 65.04[3]; Sims v. Greene, 161 F.2d 87, 88–89 (3 Cir. 1947); Ross-Whitney Corp. v. Smith, Kline & French Laboratories, 207 F.2d 190, 198 (9 Cir. 1953); cf. Behre v. Anchor Insurance Co., 297 F. 986, 991 (2 Cir. 1924), analysis of the differing problems presented in such cases may dissipate at least some of the confusion. In many instances there is no serious dispute about the facts; the issues, perhaps very troublesome ones, concern the meaning and applicability of a statute or common law rule. The taking of evidence would serve little purpose in such cases; argument is what the judge requires. In another group there *is little dispute as to the raw facts but much as to the inferences to be drawn from them, as well, perhaps, as to the meaning and applicability of the governing statute or common law rule. Although an evidentiary hearing would be of more value in such cases and should be held whenever practicable, it will sometimes be apparent that the magnitude of the inquiry would preclude any meaningful 'trial-type' hearing within twenty days* . . . . At the other end of the spectrum are cases where everything turns on what happened and that is in sharp dispute; in such instances, the inappropriateness of proceeding on affidavits attains its maximum and, even if the plaintiff's need is great, it will normally be possible for the judge within the allotted time to conduct a hearing that will illuminate the factual issues although probably not settling them." 388 F.2d at 490–491 (emphasis added).

The facts here seem to fall within Judge Friendly's second category where an evidentiary hearing, while obviously of value to a point, becomes less useful as a means of assisting the Court in resolving the issues at hand once the facts have been established since the Court's decision will then necessarily turn on inferences to be drawn from the testimony. For example, Mr. Becker's transcript relates primarily to the termination of the Bank of New York as the custodian for the Dollar Funds. Mr. Cassel has previously testified at the hearing that this custodianship was in fact terminated and that ANBT assumed the custodial functions for the funds and the deposition of defendant Stoltenberg also recites the events which transpired concerning the change in custodianship. Clearly, there is no dispute that this transaction occurred. Rather, the point at issue is whether this evidence supports the Commission's contention that defendant Vesco and his group terminated the custodianship of the Bank of New York for the purpose of obtaining control of the Dollar Funds' assets so that they could divert them to illiquid investments in thinly-capitalized companies. Mr. Becker's testimony amplifies the presentation of facts with respect to this particular allegation but does not raise any substantial questions of fact which are not already before the Court. Similarly, the testimony of Mr. McMenamin deals generally, if not specifically, with facts surrounding transactions which have been previously developed at the trial.

In any event, it has been arranged for Messrs. Becker and McMenamin to appear in court to testify on cross-examination by defendants Thursday and Friday, May 17th and 18th. Accordingly, the Court directs the investigatory transcript of Messrs. Becker, Snipes, McMenamin and Whalen be admitted into evidence.

So ordered.