WHEELING–PITTSBURGH STEEL
CORPORATION, Plaintiff,

v.

DONOVAN WIRE AND IRON
COMPANY, Defendant.

Civ. No. C76–231.

United States District Court,
N. D. Ohio W. D.

July 9, 1976.

David W. Stucky, Toledo, Ohio, for plaintiff.

Theodore M. Rowen, Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

This cause came to be heard upon the motion of the defendant for a preliminary injunction. On July 1, 1976, the Court granted to defendant a temporary restraining order enjoining the plaintiff from prosecuting its claims against the defendant in any court other than this one. The plaintiff concedes that it has filed identical actions against the defendant in federal district courts in Pennsylvania and West Virginia as well as in this Court. Thus, the only issue before the Court on this motion is whether the plaintiff should be allowed to proceed with its Pennsylvania and West Virginia cases.

In cases where federal courts have enjoined a party from prosecuting a second action, the matter has been viewed as resting within the equitable discretion of the Court. *Ashland Oil & Refining Co. v. Federal Power Commission*, 421 F.2d 17 (6th Cir. 1970). At the hearing on the temporary restraining order, the Court held that for the purposes of these injunctive motions, the three cases involved would be treated as having been simultaneously filed even though the Pennsylvania case was ac-

tually filed one day earlier than the other two. Thus, the general rule that the court first acquiring jurisdiction of a controversy should enjoin subsequent proceedings therein in other jurisdictions does not apply. In any event, an injunction in favor of the first filed action is not a mandatory step in all instances because countervailing equitable considerations, where present, cannot be ignored. *Columbia Plaza Corp. v. Security National Bank,* 525 F.2d 620 (D.C.Cir. 1975). In a different context, the Supreme Court in *Kerotest Mfg. Co. v. C-O-Two Co.,* 342 U.S. 180, at page 183, 72 S.Ct. 219, at page 221, 96 L.Ed. 200 (1952) stated:

> Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature.

The same is true in the case at bar. The problem of whether to enjoin the plaintiff from pursuing another action involving the same issues and the same defendants cannot be solved by a blind application of a mechanical rule of thumb. Rather, the solution requires the balancing of equitable considerations genuinely relevant to the ends of justice. *Small v. Wageman,* 291 F.2d 734 (1st Cir. 1961).

Thus, the problem in this motion is reduced to determining on which side the equities most heavily weigh. In one sense, the situation is very similar to a *forum non conveniens* problem since the convenience of the parties is certainly one of the equities to be considered. In another sense, however, the problem is considerably different from that of choosing the most convenient forum. In this case, the defendant is not asking the Court to transfer this case to a forum not of the plaintiff's choosing. Rather, defendant merely requests that the plaintiff litigate its case in only one of the three forums which it has chosen. While the plaintiff states that it really wants to proceed in the Pennsylvania case, the Court must assume that it also wants to, or at the very least is willing to, proceed in this Court since suit was filed here.

This Court looks quite disfavorably on the plaintiff's shotgun approach to litigation. There is no reason why the plaintiff cannot adequately prepare its case so as to determine questions of long arm jurisdiction and compliance with the applicable statute of limitations before filing in any court. The equities in this matter lie almost exclusively on the side of the defendant. The defendant and the various courts involved should not be required to do the plaintiff's work for it. The plaintiff is fully protected if its case is tried here. In fact, it is assured of both *in personam* jurisdiction and satisfaction of the applicable statute of limitations since defendant admits that such are not issues before this Court. As a general rule, this Court jealously protects the right of a plaintiff to choose its forum. The Court will not, however, protect the plaintiff's right to choose three forums and then somewhere down the road, after substantial time and expense has been incurred by both the defendant and the various courts involved, select the one court which it likes best. The preliminary injunction will be granted.

For the reasons stated herein, good cause therefor appearing, it is

ORDERED that the defendant's motion for a preliminary injunction should be and hereby is granted, and it is

FURTHER ORDERED that the plaintiff, Wheeling-Pittsburgh Steel Corporation, its agents, representatives, officers, servants, employees, attorneys and those persons in active concert and participation with it, is hereby enjoined from prosecuting against the defendant any cause of action for the recovery of any money based upon the guaranty executed by defendant on January 1, 1966 in any other court as long as the case at bar is pending before this Court.

IT IS SO ORDERED.