The SCOTT & FETZER CO., Plaintiff,
v.
John S. McCARTY, Defendant.

No. C 76–675.

United States District Court,
N. D. Ohio, E. D.

Feb. 4, 1977.

Barry L. Springel, Cleveland, Ohio, for plaintiff.

Norman R. Fisher, Jr., Cleveland, Ohio, Erwin G. Goovaerts, Franklin, N. J., for defendant.

## MEMORANDUM OPINION AND ORDER WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW

LAMBROS, District Judge.

## I. FACTS

There are no sharply disputed questions of fact. Plaintiff Scott & Fetzer Company has brought this action (the Ohio action) against defendant John S. McCarty, seeking a declaratory judgment that plaintiff's termination of a Distributor Agreement with the defendant was in accordance with the terms of that agreement and was not violative of the New Jersey Franchise Practices Act. Subsequently, defendant in this case brought suit in the Superior Court of New Jersey (the New Jersey action) seeking damages for termination of the same Distributor Agreement as violative of the New Jersey Franchise Practices Act and as violative of New Jersey common law. The New Jersey action has been removed to the United States District Court for the District of New Jersey. The Kirby Co., alleged to be a subsidiary corporation and/or division of the Scott & Fetzer Company, is a party-defendant in the New Jersey action.

Plaintiff in this action has its principal place of business in Ohio. Defendant resides in New Jersey. Both the Ohio and New Jersey actions concern the same Distributor Agreement. Both actions include the Scott & Fetzer Company and John S. McCarty as adverse parties.

Plaintiff has manifested an intention, in the event of trial, of calling three witnesses who reside in the Northern District of Ohio. Plaintiff has submitted evidence that relevant documents regarding this transaction are located in the Northern District of Ohio.

Plaintiff has moved for a preliminary injunction enjoining the defendant, John S. McCarty, and his attorneys from further prosecuting Civil Action No. 76-1775 now pending in the United States District Court for the District of New Jersey, (the New Jersey action) and further ordering defendant and his attorneys to enter into a stipulation with plaintiff to stay all further proceedings in said action. Defendant has made a cross motion seeking either to dismiss the complaint in this action, to transfer this cause from this district to the United States District Court for the District of New Jersey, or to stay all further proceedings in this cause until the conclusion of Civil Action No. 76-1775 now pending in the United States District Court for the District of New Jersey.

## II. THE COUNTERCLAIM ISSUE

Plaintiff asserts that the relief sought in the New Jersey action is properly the subject of a compulsory counterclaim in this action. The New Jersey action involves the same contract and the same facts involving that contract. McCarty's claim that the contract violates New Jersey common law, and McCarty's prayer for damages in the New Jersey action, are both matters arising out of the same transaction or occurrence at issue in this action. All claims set forth by McCarty in the New Jersey action constitute compulsory counterclaims in this action.

The requirement of Rule 13(a), Fed.Rules Civ.Proc., that a pleading shall state as a counterclaim any claim which the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, is particularly directed against one who fails to assert a counterclaim in one action and then institutes a second action in which that counterclaim becomes the basis of the complaint. *Southern Construction Co. v. United States*, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962). In the absence of unusual circumstances, subsequent actions having as their basis claims properly assertable as compulsory counterclaims in a prior action have been enjoined or dismissed. *United Fruit Company v. Standard Fruit and Steamship Company*, 282 F.Supp. 338 (D.Mass.1968); *Jepco Corp. v. Greene*, 171 F.Supp. 66 (S.D. N.Y.1959). However, cross-motions in this action have made several alternatives available to assure that only one court will consider these related causes of action. In such a case all alternatives must be considered to determine the best method of realizing Rule 13(a)'s single-suit objective. *Columbia Plaza Corporation v. Security National Bank*, 173 U.S.App.D.C. 403, 525 F.2d 620 (1975).

### III. BALANCE OF CONVENIENCE

While a court first acquiring jurisdiction of a controversy should, as a general rule, enjoin subsequent proceedings in other jurisdictions, countervailing equitable considerations may mitigate against issuance of such an injunction. *Wheeling-Pittsburgh Steel Corp. v. Donovan Wire and Iron Company*, 416 F.Supp. 602 (N.D.Ohio 1976). Upon a motion to transfer the case to a district where a subsequent related action was filed, a balance of convenience must be determined. *Barber-Greene Co. v.*

*Blaw-Knox Co.*, 239 F.2d 774 (6th Cir. 1957). Further, consideration of the relative merits of proceeding with the respective pending actions is relevant to consideration of dismissal of an action for declaratory judgment. *Board of Education of the City School District of the City of Cincinnati v. Department of Health, Education, and Welfare*, 396 F.Supp. 203 (S.D.Ohio 1975). Accordingly, a comparison of the equities favoring each of the two actions is appropriate.

Plaintiff's choice of forum is the Northern District of Ohio.[1] As both actions are in their initial stages, use of either forum in which all issues may be raised will not prejudice either of the parties.

There is no significant difference between the Ohio and New Jersey actions. The inclusion of a subsidiary corporation or division of Scott & Fetzer Company in the New Jersey action does not substantially alter the parties. Moreover, any superiority of the New Jersey action over the Ohio action due to additional issues included in that action more properly asserted as compulsory counterclaims in the Ohio action is easily remedied by granting leave in the Ohio action to assert such claims.

There is no doubt that litigation of this matter in Ohio will be burdensome to defendant, and, conversely, that litigation of this matter in New Jersey will be burdensome to plaintiff. It appears that most relevant documents and the majority of potential witnesses are located in the Northern District of Ohio.

Plaintiff may be in a better financial position to travel. However, given plaintiff's choice of forum, a potentially greater number of witnesses in Ohio, and relevant documents more readily produceable in Ohio, the balance of convenience favors the plaintiff in this action.[2]

1. Defendant apparently seeks to impute some element of bad faith in institution of the Ohio action by pointing out plaintiff's knowledge of defendant's propensity to resolve the matter by litigation in the event of failure to reach a mutual resolution of the dispute. Defendant relies upon no authority in advancing this con-

cept as a reason to disturb plaintiff's choice of forum.

2. Whether Ohio or New Jersey law will be controlling is dependent upon a finding regarding defendant's allegation of an adhesion-type contract nullifying the express specification

█ A motion to transfer the action hinges upon the balance of convenience of the two forums. *Barber-Greene Co. v. Blaw-Knox Co., supra.* Dismissal of a declaratory judgment action is not justified by mere pendency of similar litigation elsewhere. *National Union Fire Insurance Co. of Pittsburgh, Pa. v. Lippert Bros., Inc.*, 233 F.Supp. 650 (D.Neb.1964); *Silvray Lighting, Inc. v. Versen*, 25 F.Supp. 223 (S.D.N.Y. 1938).

Accordingly, defendant McCarty's alternative motions to transfer this action, to dismiss this action, or to stay this action pending the outcome of the New Jersey action are denied.

## IV. PRELIMINARY INJUNCTION

█ In determining whether the prosecution of a suit in another forum should be preliminarily enjoined pending disposition of the action in which the motion is filed, the probability of the movant's success on the merits and the nature of his injury are of secondary significance; the primary factor to be weighed is the convenience of the parties and the courts. *Columbia Plaza Corporation v. Security National Bank, supra.* In the instant case, an evaluation of the convenience of the parties and the courts can easily be made upon the undisputed facts, submitted affidavits,[3] and the extensive briefing of both parties.[4]

The taking of additional evidence at a hearing would serve no useful purpose where, as here, there is no serious dispute

about the facts relevant to potential injunctive relief. This is true especially in this case where the taking of additional evidence would only unnecessarily exacerbate the burden of travel for one of the parties.

As between federal courts, the general principle followed is to avoid duplicative litigation. *Colorado River Water Conservation District v. U. S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Commerce and Industry Ins. Co. v. Cablewave, Ltd.*, 412 F.Supp. 204 (S.D.N.Y.1976). When an action is brought in one federal district court and a later action embracing the same issue is brought in another federal district court, the first court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case. *Meeropol v. Nizer*, 505 F.2d 232 (2d Cir. 1974); *Urbain v. Knapp Brothers Manufacturing Co.*, 217 F.2d 810 (6th Cir. 1954); *Wheeling-Pittsburgh Steel Corp. v. Donovan Wire and Iron Company, supra.*

## V. CONCLUSION

Plaintiff's choice of forum is the Northern District of Ohio. Judicial economy dictates that only one of the two actions in Ohio and New Jersey should go forward. Favoring the New Jersey action would not be in accord with the purpose of Rule 13(a), F.R.C.P., to discourage multiplicity of litigation. The balance of convenience between the parties favors the plaintiff. All parties have extensively briefed these motions and submitted affidavits in support of their positions.

that Ohio law prevails. Such a finding need not be made at this point. Even if New Jersey law were to be applicable, the balance of convenience would not substantially favor the defendant.

3. Where parties join a battle of affidavits, they impliedly consent to a decision based on them. *Dopp v. Franklin National Bank*, 461 F.2d 873 (2d Cir. 1972); *Semmes Motors, Inc. v. Ford Motor Company*, 429 F.2d 1197 (2d Cir. 1970); *Phillips v. Crown Central Petroleum Corporation*, 376 F.Supp. 1250 (D.Md.1973).

4. The general rule in the Sixth Circuit, as elsewhere, entitles defendant to a hearing before issuance of a preliminary injunction. *Detroit & Toledo Shore Line Railroad Co. v. Brotherhood of Locomotive Firemen and Engineers*, 357 F.2d

152 (6th Cir. 1966). However, more recent cases elsewhere have recognized that a district court has discretion to forego an evidentiary hearing where undisputed facts, submitted affidavits, or other factors render such a hearing unnecessary. *Herbert Rosenthal Jewelry Corp. v. Grossbardt*, 428 F.2d 551 (2d Cir. 1970); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541 (9th Cir. 1969); *Securities and Exchange Commission v. Vesco*, 358 F.Supp. 1186 (S.D.N.Y.1973); *Waterman-Bic Pen Co. v. Beisinger Industries Corp.*, 321 F.Supp. 178 (S.D.N.Y.1970); *International Brotherhood of Electrical Workers Local 1186 v. Eli*, 307 F.Supp. 495 (D.Haw.1969); *Kennedy v. Sheet Metal Workers International Association Local 108*, 289 F.Supp. 65 (C.D.Cal.1968).

This action was filed prior to the New Jersey action. There are no substantial or predominating equitable considerations warranting departure from any generally accepted standard or procedure.

Plaintiff Scott & Fetzer Co.'s motion for a preliminary injunction is therefore granted. Defendant McCarty and his attorneys and all persons in active concert with them are hereby enjoined from further prosecuting Civil Action No. 76–1775 now pending in the United States District Court for the District of New Jersey pending final determination of this action.

Plaintiff Scott & Fetzer Company is directed to post a $250.00 injunction bond. Defendant is given leave to assert any compulsory counterclaims in this action within twenty days of the date of this order.

IT IS SO ORDERED.