RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0033p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ROBERT LANGLEY; MOUNTAINEER
DEVELOPMENT COMPANY, LTD; COLONY
CROSSING, LLC; LANGLEY-COLONIAL, LLC,
                    *Plaintiffs-Appellees,*

            *v.*

PRUDENTIAL MORTGAGE CAPITAL COMPANY,
LLC,
                    *Defendant-Appellant,*

NATIONAL CITY BANK,
                    *Defendant.*

No. 08-5032

_____

Filed:  February 3, 2009

Before:  MERRITT, MOORE, and ROGERS, Circuit Judges.

_____

### O R D E R

_____

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for panel rehearing and concludes that the petition for panel rehearing should be denied.  Accordingly, the petitions are denied.

ROGERS, Circuit Judge. The petition for rehearing is denied. The district court's order below was explicitly based in part on the invalidity of the forum selection clause. As explained in the per curiam opinion, that analysis was not correct, and the preliminary injunctive relief based on that analysis was therefore reversed. Rehearing is accordingly not warranted.

KAREN NELSON MOORE, Circuit Judge, with whom MERRITT, Circuit Judge, joins, concurring in the denial of panel rehearing. I concur in the denial of panel rehearing. Our per curiam opinion correctly concluded that the preliminary injunction granted by the district court must be vacated. I write separately to explain that the preliminary injunction must be vacated because the district court abused its discretion in determining that the four preliminary-injunction factors weighed in favor of granting preliminary injunctive relief in this case.

As the per curiam opinion explains, this case involves an ordinary—if complex—contract dispute. As I explain below, this fact is critical to the conclusion that the district court abused its discretion in granting a preliminary injunction preventing Prudential from drawing on the standby letters of credit and forbidding National City Bank from honoring them. This court reviews a district court's decision to grant a preliminary injunction for abuse of discretion. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, --- U.S. --- , 129 S. Ct. 365, 374 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 376.

Because the district court issued the injunction pursuant to KY. REV. STAT. § 355.5-109,[1] Langley's likelihood of success on the merits is evaluated under § 355.5-109, which provides in relevant part:

> If an applicant claims that a required document is forged or materially fraudulent or that honor of the presentation would facilitate a material fraud by the beneficiary on the issuer or applicant, a court of competent jurisdiction may temporarily . . . enjoin the issuer from honoring a presentation or grant similar relief against the issuer or other persons only if the court finds that: . . . [o]n the basis of the information

---

[1] Because the district court assumed that the contracts containing choice-of-law clauses specifying New York law were not enforceable, it applied Kentucky law. Prudential argues that the district court should have applied New York law, but acknowledges that the error was harmless because the relevant Kentucky and New York statutes are identical. Langley appears to suggest that Kentucky law applies but also cites New York cases. I will assume, therefore, that Kentucky law applies for purposes of this appeal.

> submitted to the court, the applicant is *more likely than not to succeed under its claim of . . . material fraud . . . .*

KY. REV. STAT. § 355.5-109(2)(d) (emphasis added).  Kentucky courts have not yet considered what constitutes "material fraud" under § 355.5-109, which was enacted in 2000 to codify a revised provision of the Uniform Commercial Code, U.C.C. § 5-109.  However, like other courts, the Kentucky Court of Appeals interpreted the former provision's standard of "fraud in the transaction" to authorize a court to enjoin letters of credit only in very limited circumstances.  *See Audio Sys., Inc. v. First Nat'l Bank of Louisville*, 753 S.W.2d 553, 555 (Ky. Ct. App. 1988) ("[T]he circumstances which will justify an injunction against honor must be narrowly limited to situations of fraud in which the wrongdoing of the beneficiary has so vitiated the entire transaction that the legitimate purpose of the independence of the issuer's obligation would no longer be served." (internal quotation marks omitted) (alteration in original)).

The drafters of the revised U.C.C. provision intended the terms "material" and "materially" to raise the burden of proof on the party seeking an injunction as compared to the former version's focus on "fraud in the transaction."  3 JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE § 26-9, at 200 (5th ed. 2008).  Although the revised U.C.C. provides no definition of "material" fraud, the comments to § 5-109 endorse the fraud standard previously articulated by the First Circuit in *Ground Air Transfer, Inc. v. Westates Airlines, Inc.*, 899 F.2d 1269 (1st Cir. 1990) (Breyer, J.):

> [C]ourts may not *normally* issue an injunction because of an important exception to the general no injunction rule.  The exception . . . concerns fraud so serious as to make it obviously pointless and unjust to permit the beneficiary to obtain the money.  Where the circumstances *plainly* show that the underlying contract forbids the beneficiary to call a letter of credit; where they show that the contract deprives the beneficiary of even a *colorable* right to do so; where the contract and circumstances reveal that the beneficiary's demand for payment has absolutely no basis in fact; where the beneficiary's conduct has so vitiated the entire transaction that the legitimate purposes of the independence of the issuer's obligation would no longer be served; *then* a court may enjoin payment.

*Id.* at 1272-73 (internal quotation marks and citations omitted); *see also* U.C.C. § 5-109 cmt. 1 (endorsing this passage). I find this formulation persuasive and helpful and conclude that Kentucky courts would likely adopt a similar standard.

Applying this standard to the instant case, nothing in the record indicates that Prudential's conduct rises to the level of "fraud." As the discussion in the per curiam decision makes clear, this case involves an ordinary contract dispute. The merits of this contract dispute have not yet been litigated, and there is no need to decide whether Prudential breached the Rate Lock Agreements by refusing to honor the interest rates, or whether Prudential will ultimately be entitled to keep the Rate Lock Deposits. Whatever the merits of Prudential's claims and defenses in this case, it is clear that Prudential's position is at least "colorable." Because Langley has not shown that Prudential is acting fraudulently, he is not likely to succeed on the merits under KY. REV. STAT. § 355.5-109.

The district court found that payment on the letters of credit would cause Langley irreparable harm by causing "loss of goodwill and reputation in the eyes of lenders who are essential" to his real-estate-development business. J.A. at 139 (Dist. Ct. Op. at 10). The general rule is that "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, this court has recognized that a loss of business goodwill may constitute irreparable harm because of the difficulty in calculating damages. *Id.* at 512. Langley of course may ultimately recover any amount paid to Prudential under the letters of credit if he ultimately succeeds on the merits of this contract dispute. The district court made its finding based solely on Langley's testimony that he feared that a draw on the letters of credit would hurt his reputation among lenders. This finding misunderstands the nature of letters of credit. Under the so-called "independence principle," a bank's duty to pay on letters of credit is independent of whether or not the applicant (here Langley) and the beneficiary (here Prudential) have performed on the underlying contract. WHITE & SUMMERS, *supra*, § 26-2, at 138. In other words, the bank "must pay on a proper demand from the beneficiary even though the beneficiary may have breached

the underlying contract with the applicant." *Id.* Consequently, payment on the letters of credit in no way suggests that Langley breached or otherwise failed to perform under the contracts with Prudential. It therefore strains credulity to think that Langley's reputation or goodwill would be tarnished upon payment of the letters. Accordingly, Langley has not shown that he will suffer irreparable harm if the injunction is not maintained.

Finally, the remaining equities weigh against an injunction. Most important, the "independence principle" is threatened if courts are willing to enjoin payment of letters of credit not just in exceptional cases involving fraud, but in ordinary contract disputes as well. As this court has explained elsewhere:

> There are important policy reasons for upholding the validity of the documents without reference to the underlying agreements. The letter of credit's primary value to the financial world is its reliability. Without it, a borrower requesting a loan from an institution unfamiliar with him would be unable to obtain funds. In such a situation, the lender must rely on the credit instrument to ensure that payment will be made.

*Security Fin. Group, Inc. v. N. Ky. Bank & Trust, Inc.*, 858 F.2d 304, 307 (6th Cir. 1988). When courts are too willing to enjoin payment of letters of credit, the independence principle is weakened because parties must look not only at the "paper transaction" embodied in the letters but also at the underlying contracts.

Because each of the factors discussed above weighs against injunctive relief, the district court abused its discretion in issuing the preliminary injunction.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green
_____
Clerk