*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0147p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

NATIONAL VIATICAL, INC. and JAMES
TORCHIA,

        *Plaintiffs-Appellants*,

    *v.*

UNIVERSAL SETTLEMENTS INTERNATIONAL,
INC.,

        *Defendant-Appellee.*

No. 12-2262

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:11-cv-01226—Robert Holmes Bell, District Judge.

Argued: May 1, 2013

Decided and Filed:  May 23, 2013

Before:  MARTIN, SUHRHEINRICH and COLE, Circuit Judges.

_____

## COUNSEL
_____

**ARGUED:** Jason Wayne Graham, GRAHAM & PENMAN, LLP, Atlanta, Georgia, for
Appellants.  Robert J. Franzinger, DYKEMA GOSSETT PLLC, Detroit, Michigan, for
Appellee. **ON BRIEF:** Jason Wayne Graham, GRAHAM & PENMAN, LLP, Atlanta,
Georgia, for Appellants. Robert J. Franzinger, Timothy M. Kuhn, DYKEMA GOSSETT
PLLC, Detroit, Michigan, Mark D. van der Laan, DYKEMA GOSSETT PLLC, Grand
Rapids, Michigan, for Appellee.

_____

## OPINION
_____

    SUHRHEINRICH, Circuit Judge.   Plaintiffs-Appellants National Viatical, Inc.

and James Torchia (respectively, "NVI" and "Torchia") challenge the district court's

dissolution of a preliminary injunction that prevented Universal Settlements International, Inc. ("USI") from collecting a money judgment owed by NVI and Torchia to USI. Because we conclude that the district court properly ruled that the requirements for a preliminary injunction were not met, we AFFIRM.

## I.  Background

### A.     Prior Action

The present action has its genesis in a prior lawsuit. In the prior lawsuit, filed in the United States District Court for the Western District of Michigan, USI sued NVI and Torchia, as well as their attorney Marc Celello, for five million dollars, claiming that they misappropriated funds they were holding in escrow for USI. *E.g., Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, No. 1:07-CV-1243, 2009 WL 1606648 (W.D. Mich. June 8, 2009). While this case was pending, USI sought relief under the Companies' Creditors Arrangement Act of Canada ("CCAA") in the Ontario Superior Court of Justice in Canada. A CCAA case is similar to a reorganization bankruptcy under Chapter 11 of the United States Bankruptcy Code.

NVI and Torchia moved for summary judgment but it was denied by the magistrate judge who was presiding over the dispute. Subsequently, the parties held a settlement conference and agreed on settlement terms. The record indicates that NVI and Torchia agreed to pay USI $1,242,000 in installment payments.[1] NVI and Torchia further agreed that a default penalty of five million dollars would be due if NVI and Torchia defaulted on any payment and did not cure it within ten days. After the settlement conference, the parties placed their agreement on the record. It was only then that confidentiality was discussed. The record indicates that counsel for NVI and Torchia asked for a "standard mutual confidentiality agreement," but agreed that, as an exception, USI could report the settlement terms to the CCAA court, any taxing authorities, attorneys, and accountants on a need-to-know basis:

---

[1]Specifically, the amount was to be paid in four installments, including a balloon payment at the end of twelve months.

> COUNSEL FOR CELELLO: Why don't we just exempt from the confidentiality except to the extent necessary for reporting to the Canadian court and/or taxing authorities, et cetera, et cetera, something like that?
> MR. TORCHIA: Then they're going to put it on a website, right?
> COUNSEL FOR USI: I don't know.
> MR. TORCHIA: I mean, I don't care. It doesn't matter.

The magistrate judge also clarified for the record that the concern for the confidentiality clause was that Torchia "doesn't want it to appear to any credit authority or any other entity that he has a five-million-dollar judgment against him."

Following the settlement conference, USI petitioned the CCAA court to obtain the necessary directions and clearance to proceed with the settlement. Pursuant to these directions, USI posted a notice on its website informing its creditors of the settlement agreement:

> USI has entered into a settlement of the US Litigation (identified in s. 2.3 of the CCAA Plan of Compromise and Arrangement as *Universal Settlements International Inc. v. James Torchia, Marc Celello and National Viatical, Inc.* (United States District Court, Western District of Michigan, Court File No. 1:07-cv-1243). The settlement has been reached as a result of a judicial mediation held on October 26, 2010 in Grand Rapids, Michigan.
>
> Although the settlement is subject to a U.S. Federal Court judicial order requiring confidentiality, the essential terms that may be reported are as follows:
>
> USI will receive a total amount of $1,242,000 payable over a period of one year and there are terms imposing sanctions if there is a default on any of the required payments. The counterclaim against USI will be dismissed. USI's litigation committee has approved the settlement. The terms of settlement are in the process of being finalized and documented.
>
> The Settlement will be presented to the Ontario Superior Court of Justice on a motion for directions pursuant to s. 7.8 of the CCAA Plan of Compromise and Arrangement. USI is of the view that there is no court approval required of the Settlement but is bringing the motion out of an abundance of caution.

Alleging that the website posting violated the confidentiality clause, Celello, NVI, and Torchia refused to pay in accordance with the settlement agreement and returned to the magistrate judge with an emergency motion to enforce the confidentiality provision of the settlement agreement. The magistrate judge ruled that there was no breach because the website posting was "very, very vague," but she permitted NVI and Torchia to reserve the right to file a separate breach of contract claim against USI in the future. Although she found no breach, the magistrate judge nonetheless issued an injunction enjoining USI from any future publication of the settlement information. USI appealed the injunction to a district court judge of the United District Court for the Western District of Michigan, who reversed the injunction, holding that magistrate judges are not authorized to issue injunctions. *Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, No. 1:07-CV-1243, 2011 WL 1642341, at *2 (W.D. Mich. May 2, 2011).

## B.    Present Action

NVI and Torchia filed this action in the Cherokee Superior Court in Georgia, claiming that USI breached the confidentiality provision of their settlement agreement by virtue of the web posting, and that under the "first-breach doctrine," one who commits the first "substantial breach" of a contract cannot maintain an action against the other party for failure to perform. *Chrysler Int'l Corp. v. Cherokee Exp. Co.,* 134 F.3d 738, 742 (6th Cir. 1998) (quoting *Ehlinger v. Bodi Lake Lumber Co.,* 36 N.W.2d 311, 316 (Mich. 1949)). They sought a judgment (1) declaring that USI's breaches excused NVI and Torchia from performance under the settlement agreement; (2) awarding NVI and Torchia damages for breach of contract; (3) temporarily enjoining USI from seeking default or demanding performance of the settlement agreement until the case could be tried on the merits; and (4) permitting NVI and Torchia to set off all damages incurred from USI's breaches against their performance under the settlement agreement.

On April 21, 2011, NVI and Torchia obtained a temporary restraining order ("TRO") from the Cherokee Superior Court restraining USI from "(1) demanding performance under its settlement agreement with Plaintiffs; and (2) seeking default

against Plaintiffs." On April 27, 2011, the case was removed to the United States District Court for the Northern District of Georgia, and then transferred back to the United States District Court for the Western District of Michigan (the "District Court"), where the prior action had been settled. USI requested that the District Court either confirm that the TRO had expired, or if it had not expired, for the District Court to dissolve any existing injunction.

The District Court held that because the TRO continued beyond the time permissible under Federal Rule of Civil Procedure 65, it must be treated as a preliminary injunction. *See Sampson v. Murray*, 415 U.S. 61, 86 (1974) (agreeing with the D.C. Circuit that "a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction"). The District Court then conducted the traditional four-factor balancing test for a preliminary injunction, which included an evaluation of the movant's likelihood of success on the merits, and whether the movant would suffer irreparable harm. *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992). The District Court concluded that NVI and Torchia did not have a strong likelihood of success because even if USI had breached the confidentiality agreement, the breach was not substantial. The District Court also ruled that NVI and Torchia would not suffer irreparable harm absent injunctive relief because they were suing for money damages.

As a result, the District Court dissolved the injunction, giving NVI and Torchia fourteen days to make payments under the settlement agreement. NVI and Torchia failed to make any payments, and as a result, USI demanded payment and sought default against NVI and Torchia. Still refusing to pay, NVI and Torchia now appeal the District Court's dissolution of the preliminary injunction.

## II.  Jurisdiction

This court has appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), which gives appellate courts jurisdiction over district court orders dissolving preliminary injunctions.

## III.  Analysis

NVI and Torchia claim that the District Court erred in two ways: (1) by failing to hold an evidentiary hearing and issue findings of fact in dissolving the preliminary injunction; and (2) by failing to rule that NVI and Torchia were entitled to preliminary injunctive relief under the traditional four-factor balancing test.  The standard of review for preliminary injunctions is *de novo* for legal conclusions and clear error for factual findings.  *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540-41 (6th Cir. 2007) (citations omitted).

### A.       Preliminary Injunction Procedure

First, we find that the District Court's failure to hold an evidentiary hearing is not grounds for reversal.  Ordinarily, Rule 65 is interpreted to require that the party *opposing* the injunction, not the party seeking the injunction, be given notice and an opportunity for a hearing.  *See, e.g.*, *SEC v. G. Weeks Secur., Inc.,* 678 F.2d 649, 651 (6th Cir. 1982); *Detroit & T.S.L.R. Co. v. Bhd. of Locomotive Firemen*, 357 F.2d 152, 154 (6th Cir. 1966).  NVI and Torchia were the parties seeking, not opposing, the injunction.  We also find that the District Court did not err in failing to hold an evidentiary hearing because NVI and Torchia had the opportunity to proffer evidence in their opposition to USI's motion to dissolve the preliminary injunction, but instead, only attached their complaint and the TRO order from the Cherokee Superior Court in Georgia.

We also hold that the District Court did not fail to issue findings of fact.  In granting or refusing an interlocutory injunction, a court must state findings of facts and conclusions of law.  Fed. R. Civ. P. 52(a)(1)-(2).  The District Court clearly articulated findings of facts that it made from the testimony of NVI, Torchia, and USI; the court

documents from the magistrate judge's court recording the settlement agreement; the magistrate judge's notes; orders from the CCAA court; and other documents.

**B.      Preliminary Injunction Balancing Test**

We also hold that the District Court did not err in dissolving the preliminary injunction.

As the District Court held, NVI and Torchia cannot meet the four-factor test for a preliminary injunction. *Am. Imaging Servs., Inc.,* 963 F.2d at 858. Under the test, the court considers: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Id.* These four considerations are "factors to be balanced and not prerequisites that must be satisfied." *Id.* at 859.

As the District Court held, NVI and Torchia do not have a high likelihood of success on the merits. The plain language of the settlement hearing simply does not support their case. During the settlement hearing, Torchia inquired, "Then [USI's] going to put it on a website, right?" USI replied that it did not know, and Torchia responded, "I mean, I don't care. It doesn't matter."

Furthermore, the website posting was consistent with the magistrate judge's characterization of the confidentiality clause. At the settlement hearing, the magistrate judge described the confidentiality clause in the following way:

> Let me just state, *and you can correct me if I'm wrong*, Mr. Graham [counsel for NVI and Torchia] or Mr. Torchia, but my understanding of the concern for the sealed nature and the confidentiality is that Mr. Torchia doesn't —if he's complying with the terms of the agreement doesn't want it to appear to any credit authority or any other entity that he has a five-million-dollar judgment against him because as I understand it, it doesn't become really a judgment for five million until he defaults. . . . [A]nd I think it's understood that this needs to be reported to the [CCAA court].

(emphasis added). Graham and Torchia did and said nothing to correct the magistrate judge's statement.

Additionally, NVI and Torchia admittedly permitted USI to disclose the terms of the settlement agreement to a large number of third parties that were not bound by the confidentiality agreement. Specifically, NVI and Torchia agreed that USI could disclose the terms of the settlement agreement to the CCAA court. The CCAA court proceeding involved thousands of USI's creditors who were not bound by the confidentiality clause. NVI and Torchia also agreed that USI would be allowed to disclose the terms of the settlement to the monitor of its CCAA court restructuring, Ernst & Young, Inc. Ernst & Young has also posted similar information about the judgment on their website. As such, it is more than likely that the settlement terms would have been disseminated at large.

Finally, USI argued that NVI and Torchia had little likelihood of succeeding on the merits because under the first-breach doctrine, a party to a contract is excused from performance only if the other party made a "substantial" breach. *Chrysler Int'l Corp.,* 134 F.3d at 742 (quoting *Ehlinger,* 36 N.W.2d at 316). A substantial breach is one that has "effected such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party." *Id.* NVI and Torchia have not shown that the alleged breach rendered their performance ineffective or impossible. For these reasons, the District Court did not err in its analysis of NVI and Torchia's likelihood of success.

As the District Court also held, NVI and Torchia cannot establish irreparable harm. We have held that "[d]espite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required [a showing of] irreparable harm before an interlocutory injunction may be issued." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). We agree with the District Court that the "general rule is that 'a plaintiff's harm

is not irreparable if it is fully compensable by money damages.'" *Langley v. Prudential Mortg. Capital Co., LLC,* 554 F.3d 647, 649 (6th Cir. 2009) (quoting *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)).  We also agree with the District Court that "the real harm [NVI and Torchia] seek to avoid is the payment of money."

Finally, as the District Court noted, harm to third parties and the public are not significantly implicated here, because this is a private dispute between USI, NVI, and Torchia.   Therefore, we conclude that the District Court properly dissolved the preliminary injunction.

## IV.  Conclusion

For the reasons set forth above, we AFFIRM the District Court's dissolution of the preliminary injunction.