RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0279p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

_____

D.T., a minor; B.K.T. and B.H.T., parents,
                                                    *Plaintiffs-Appellants,*

          *v.*                                                                                   No. 19-5070

SUMNER  COUNTY  SCHOOLS;  VENA  STUART
ELEMENTARY SCHOOL,
                                                    *Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:18-cv-00388—William Lynn Campbell, Jr., District Judge.

Argued:  October 23, 2019

Decided and Filed:  November 8, 2019

Before:  CLAY, THAPAR, and NALBANDIAN, Circuit Judges.

_____

## COUNSEL

**ARGUED:**  Robert C. Thurston, THURSTON LAW OFFICES LLC, Cherry Hill, New Jersey,
for Appellants.  Edmund S. Sauer, BRADLEY ARANT BOULT CUMMINGS, LLP, Nashville,
Tennessee, for Appellees.  **ON BRIEF:**  Robert C. Thurston, THURSTON LAW OFFICES
LLC, Cherry Hill, New Jersey, Michael F. Braun, Brentwood, Tennessee, for Appellants.
Edmund S. Sauer, E. Todd Presnell, Kristi W. Arth, Casey L. Miller, BRADLEY ARANT
BOULT CUMMINGS, LLP, Nashville, Tennessee, for Appellees.

          THAPAR, J., delivered the opinion of the court in which CLAY and NALBANDIAN,
JJ., joined.  NALBANDIAN, J. (pp. 6–7), delivered a separate concurring opinion.

---

**OPINION**

---

THAPAR, Circuit Judge. How and where to educate their children is one of the most important decisions parents face. But the state also has an interest in how and where to educate children. This case presents a conflict between those two interests. At this stage, we do not determine who is right. The question before us is about timing. D.T.'s parents asked for immediate relief but haven't shown that their injury is imminent. Thus, the district court did not abuse its discretion when it denied them a preliminary injunction. We affirm.

D.T.'s parents were concerned that their son, who has autism, was not getting an appropriate education in the Tennessee schools. So they removed him from public school and placed him in a private therapy program, where he improved. But as a result, they were convicted of truancy. D.T.'s parents faced an unwelcome choice: risk D.T. regressing at his old school or risk further prosecution.

They found a third option, at least temporarily. They enrolled D.T. in a state-approved private school and a private therapy program. Yet they are unsure whether this will be the best long-term arrangement for D.T., so they want the option of removing him from school again in the future. Thus, they sued the school district and sought a preliminary injunction to keep the state from charging them with truancy again. They argued they had the right to remove D.T. from school because federal disability law preempts state educational requirements. The district court has yet to decide whether it agrees.

Rather, the district court found that D.T.'s parents had not yet suffered an immediate and irreparable injury. That was reason enough to deny their request, so the district court did not consider the other three preliminary injunction factors. D.T.'s parents argue that the court should have considered those factors and granted the injunction.

I.

Four factors determine when a court should grant a preliminary injunction: (1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943–44 (2018) (per curiam); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948 (3d ed. 1995 & Supp. 2019).

Courts sometimes describe this inquiry as a balancing test. *See, e.g.*, *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). And that's true, to an extent; district courts weigh the strength of the four factors against one another. But even the strongest showing on the other three factors cannot "eliminate the irreparable harm requirement." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982). That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit. *See id.* at 103; *see also* Wright et al., *supra*, § 2948.1 (Irreparable injury is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction[.]"). That's why this circuit has held that a district court abuses its discretion "when it grants a preliminary injunction without making specific findings of irreparable injury[.]" *Friendship Materials*, 679 F.2d at 105. Thus, although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory.

II.

We review the district court's decision to deny the preliminary injunction for abuse of discretion. *NHL Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 717 (6th Cir. 2003). In doing so, we consider both process and substance.

First, process. Was the district court wrong to stop the inquiry after finding no irreparable injury? No. When one factor is dispositive, a district court need not consider the others. *Id.* And, as discussed above, this factor *is* dispositive; a plaintiff *must* present the existence of an irreparable injury to get a preliminary injunction. *Friendship Materials*, 679 F.2d at 105. Thus, a district court is "well within its province" when it denies a preliminary injunction

based solely on the lack of an irreparable injury. *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991). No different here.

Second, substance. Was the district court wrong to find that D.T.'s parents had not shown irreparable injury? No. D.T.'s parents fear prosecution if they take their son out of school again. (They also asserted a money damages injury below but wisely abandoned the point on appeal, as money damages are not irreparable.) That hypothetical threat of prosecution is not an "immediate," "irreparable" injury that warrants the "extraordinary remedy" of a preliminary injunction. *Benisek*, 138 S. Ct. at 1943; *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

To merit a preliminary injunction, an injury "must be both certain and immediate," not "speculative or theoretical." *See Griepentrog*, 945 F.2d at 154. D.T.'s parents say they are injured because: *if* D.T. regresses at his new private school, and *if* they choose to disenroll him, and *if* they choose not to enroll him in another state-approved school, the state *may* choose to prosecute them for truancy again. The district court said it well: "there's a lot of ifs in there." R. 56, Pg. ID 494. And all those "ifs" rule out the "certain and immediate" harm needed for a preliminary injunction. *Griepentrog*, 945 F.2d at 154.

D.T.'s parents claim support from *Kiser v. Reitz*, 765 F.3d 601 (6th Cir. 2014), which held that the plaintiff's showing of a credible threat of future prosecution sufficiently established injury in fact, *id.* at 609–10. But *Kiser* was a standing case, not a preliminary-injunction case, and there were no "ifs" about whether that plaintiff would take the steps needed to expose himself to prosecution. *See id.* at 609. The plaintiffs here cannot say the same.

Finally, D.T.'s parents argue that they are likely to succeed on the merits. That may be so. But at this early stage, it would not change things. "[A] preliminary injunction does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits." *Benisek*, 138 S. Ct. at 1943–44. "Rather, a court must also consider whether the movant has shown 'that he is likely to suffer irreparable harm in the absence of preliminary relief. . . .'" *Id.* at 1944. D.T's parents have not made that showing, so the district court rightly left the merits of

their claims for another day.  If they are right on the merits of their claims, the courts will be here to grant relief.

        We affirm.

———————

**CONCURRENCE**

———————

NALBANDIAN, Circuit Judge, concurring.  I concur in the majority's opinion in full. I write separately only to point out some confusion in the law that governs preliminary injunctions in our circuit.  We have traditionally described our preliminary injunction test as a "balancing test" where the relative strength of some factors can make up for a lack of strength in others.  *Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc*., 716 F.3d 952, 955 (6th Cir. 2013); *see also In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).  And we have continued to do so.

To the extent, however, that our approach implies that a complete lack of a showing on one factor (especially irreparable harm or likelihood of success on the merits) could be justified by a showing on the other factors, I believe that we may be in tension with the Supreme Court. *See, e.g.*, *S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met."); *National Viatical*, 716 F.3d at 956 ("These . . . are factors to be balanced and not prerequisites that must be satisfied." (cleaned up)); *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998) ("These factors are not prerequisites to issuing an injunction but factors to be balanced.").

In *Winter v. Natural Resources Defense Council, Inc.*, the Supreme Court outlined the familiar four-part test for obtaining preliminary injunction relief:  "A plaintiff seeking a preliminary injunction *must* establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  555 U.S. 7, 20 (2008) (emphasis added). The Court's language seems clear—a plaintiff *must* establish the factors.  *See Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1295–96 (D.C. Cir. 2009) (Kavanaugh, J., concurring) (questioning how *Winter* affects the D.C. Circuit's sliding-scale test and noting that "[i]t appears that a party moving for a preliminary injunction must meet four independent requirements").

According to several commentators, *Winter* prompted a circuit split, as our sister circuits reconsidered their old tests. Some circuits have continued to follow balancing or sliding-scale tests while others treat the factors as strict requirements. *See* Bethany M. Bates, Note, *Reconciliation After* Winter: *The Standard for Preliminary Injunctions in Federal Courts*, 111 Colum. L. Rev. 1522, 1538–45 (2011) (noting that the Fourth Circuit found *Winter* to require a showing of all four factors, while the Second, Seventh, and Ninth Circuits found *Winter* still permitted each circuit's sliding-scale analysis); Rachel A. Weisshaar, Note, *Hazy Shades of* Winter: *Resolving the Circuit Split over Preliminary Injunctions*, 65 Vand. L. Rev. 1011, 1032–46 (2012) (same but noting an intracircuit split in the Ninth Circuit); M. Devon Moore, Note, *The Preliminary Injunction Standard: Understanding the Public Interest Factor*, 117 Mich. L. Rev. 939, 946–47 (2019) (noting that the Third Circuit allows establishing two factors and then a balancing of all factors together). Meanwhile, we have continued to cite our old balancing analysis, though as far as I can tell, no panel has ever explicitly discussed whether *Winter* affected our test.

Regardless, I do not believe that this issue impacts this case. If we know one thing from *Winter*, it's that a plaintiff must establish irreparable injury. The entire controversy in *Winter* was whether the plaintiff needed to demonstrate a likelihood of irreparable injury as opposed to the Ninth Circuit's then-prevailing standard requiring a "possibility" of irreparable injury. *See Winter*, 555 U.S. at 21–22. There was, of course, no suggestion from the Supreme Court that the irreparable injury requirement could be balanced away (something that would make little sense in the world of extraordinary equitable remedies).

And as we point out in the majority opinion, once the plaintiff establishes that injury, courts can balance the extent of that injury against the other factors consistent with our prevailing caselaw. I only question whether the balancing analysis itself aligns with *Winter*.