RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0246p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

STATE OF OHIO; STATE OF TENNESSEE,

     *Plaintiffs-Appellants,*

  *v.*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

     *Defendants-Appellees,*

NATURAL RESOURCES DEFENSE COUNCIL, INC.; NATIONAL WILDLIFE FEDERATION,

     *Intervenors-Appellees.*

> No. 19-3500

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:15-cv-02467—Edmund A. Sargus, Jr., District Judge.

Argued: June 18, 2020

Decided and Filed: August 5, 2020

Before: COLE, Chief Judge; McKEAGUE and KETHLEDGE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Benjamin M. Flowers, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellants. Robert J. Lundman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Appellees. Jolie D. McLaughlin, NATURAL RESOURCES DEFENSE COUNCIL, Chicago, Illinois, for Intervening Appellees. **ON BRIEF:** Benjamin M. Flowers, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, Elizabeth P. McCarter, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellants. Robert J. Lundman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Appellees. Jolie D. McLaughlin, NATURAL RESOURCES DEFENSE COUNCIL, Chicago, Illinois, Catherine Marlantes Rahm, NATURAL

RESOURCES DEFENSE COUNCIL, New York, New York, Aaron Colangelo, NATURAL RESOURCES DEFENSE COUNCIL, Washington, D.C., for Intervening Appellees.

———————————

**OPINION**

———————————

KETHLEDGE, Circuit Judge.　During the 1930s, Winston Churchill was asked what Britain should do if Stanley Baldwin—then Lord President of the Privy Council, and a notorious advocate of appeasement—were to die in office.　"Embalm, bury, and cremate," Churchill answered.　"Take no chances!"　The plaintiff States advocate a similar tack for the "Clean Water Rule" here.　Promulgated in 2015, the EPA and the Army Corps of Engineers ("the Agencies") have since repealed the Rule, and more recently have replaced it with another.　Yet the States now appeal the district court's refusal to enjoin it as well.　We dismiss the appeal as moot.

Ohio and Tennessee (the "States") brought this suit in July 2015 to enjoin the Clean Water Rule (the "2015 Rule"), which purported to interpret the phrase "waters of the United States," as used in the Clean Water Act.　*See* 33 U.S.C. § 1362(7).　The Rule took effect in August 2015.　After some litigation regarding proper venue for challenges to the Rule, *see Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617 (2018), the States moved in the district court in 2018 for a preliminary injunction against the Rule's enforcement within their borders. Meanwhile, in a separate rule that took effect in February 2018 ("the Suspension Rule"), the Agencies themselves suspended enforcement of the 2015 Rule.　But a district court in South Carolina soon purported to enjoin the Suspension Rule nationwide.　*See S.C. Coastal Conservation League v. Pruitt*, 318 F. Supp. 3d 959 (D.S.C. 2018).　Around the same time, however, the Agencies gave notice of their intent to repeal (rather than merely suspend) the 2015 Rule.

There matters stood when the district court in this case decided the States' motion for a preliminary injunction.　In March 2019, the court denied that motion on the ground that, suspended or not, the States had not shown a likelihood of imminent, irreparable harm resulting from the 2015 Rule.　The Agencies then formally repealed the 2015 rule in a separate rule that took effect in December 2019 (the "Repeal Rule").　And in 2020 they replaced the 2015 Rule

with another rule—the "Navigable Waters Protection Rule" (the "Protection Rule")—that took effect on June 22, 2020.

Since the time of the district court's decision, therefore, the Agencies have both repealed and replaced the rule that the States seek preliminarily to enjoin—which raises the question whether the States' appeal is moot. "The province of the court, solely, is to decide on the rights of individuals[.]" *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170 (1803). Accordingly, under Article III, the "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). Thus, when a case at first presents a question concretely affecting the rights of the parties, but—as a result of events during the pendency of the litigation—the court's decision would lack any practical effect, the case is moot. *See id.* at 317; *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) (a case is moot when the parties no longer have "a legally cognizable interest in the outcome").

In this case, the States assert a right not to have the 2015 Rule enforced in Ohio or Tennessee, respectively. In this interlocutory appeal, specifically, the States assert a right to have the 2015 Rule enjoined immediately, before the district court enters a final judgment as to the case as a whole—for the relief they seek here is a preliminary injunction, rather than a permanent one. *See generally D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019). The problem for the States, for purposes of mootness, is that as a practical matter the Agencies have already provided the States that relief—by formally repealing the 2015 Rule and then replacing it with another. As matters now stand, therefore, a preliminary injunction against the 2015 Rule's enforcement in Ohio and Tennessee would lack any practical effect upon the rights asserted here.

That said, "a defendant's voluntary cessation of a challenged practice"—like the Agencies' decision no longer to enforce the 2015 Rule—typically does not "deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted). Instead, a defendant's voluntary cessation moots a case only if, considering the circumstances as a whole, there clearly is "'no reasonable expectation that the alleged violation will *recur*[.]'" *Speech*

*First, Inc. v. Schlissel*, 939 F.3d 756, 767–68 (6th Cir. 2019) (emphasis added) (quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979)).

The States do not contend that the Agencies themselves might have a change of heart and revive the 2015 Rule. And we do afford some "degree of solicitude" to the relative permanence of governmental cessations effected by means of formal rulemaking. *Schlissel*, 939 F.3d at 768. But, though the derivation of mootness principles is often based upon abstractions, *see, e.g.*, *DeFunis*, 416 U.S. at 316, our application of those principles is driven above all by practicalities. In *DeFunis*, for example, the plaintiff's challenge to the defendant law school's admissions policies was rendered moot by the prosaic circumstance that he had already enrolled in his final semester at that school. *Id*. at 317. And here, as the States point out, a plainly relevant circumstance is that various parties—not least the intervenors in this case—are seeking to enjoin the Repeal Rule, the Protection Rule, or both, in 15 lawsuits now pending in federal district courts across the country. And in some of those cases the plaintiffs will presumably seek a nationwide injunction, which could enjoin one or both of those rules in not only, say, the District of Massachusetts, but Ohio and Tennessee as well. Thus—despite the absence of any litigation challenging the Repeal or Protection Rules in this circuit—the States see a reasonable possibility that the 2015 Rule will again take effect within their borders.

What the States overlook, however, is the distinction between mootness as to a preliminary-injunction appeal and mootness as to the case as a whole. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 394–95 (1981) (recognizing that distinction). And here the relevant time frame for each recurrence inquiry is different. The purpose of a preliminary injunction, unlike a permanent one, is to prevent any violation of the plaintiff's rights before the district court enters a final judgment. Whether this preliminary-injunction appeal is moot, therefore, depends on whether there remains a reasonable possibility that the 2015 Rule will again become effective in Ohio or Tennessee while this case remains pending in the district court. On this record, our answer is no: an injunction against enforcement of the 2015 Rule in Ohio and Tennessee would have practical effect only if the Repeal Rule and the Protection Rule are *both* enjoined not only in the usual way—*i.e.*, within the issuing court's own jurisdiction—but nationwide. We do not see a reasonable possibility of that happening anytime soon. Most of the

15 cases challenging the Repeal or Protection Rules were recently filed; so far the plaintiffs have sought a nationwide injunction in only one of them; and in that case, the district court recently denied the motion for a preliminary, nationwide injunction against enforcement of the Protection Rule, finding that the plaintiffs had not demonstrated a likelihood of success on the merits. *See California v. Wheeler*, No. 20-CV-03005-RS, 2020 WL 3403072 (N.D. Cal. June 19, 2020). And meanwhile the issues in this case are primarily if not entirely legal and thus can presumably be decided without much discovery. *Cf. Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Hence the district court, in the exercise of its discretion, can likely make its decision regarding a permanent injunction before a court in one of the other cases potentially restores the 2015 Rule nationwide. Thus, on this record, we see no reasonable possibility that a preliminary injunction would have any practical effect upon the States' asserted right to be free from the 2015 Rule's enforcement during the pendency of their case. This appeal is therefore moot.

For the case as a whole, however, the mootness inquiry takes a longer view. Whether a case is moot because of the defendant's voluntary cessation of the challenged conduct depends on whether that conduct can "reasonably be expected to recur"—period. *Friends of the Earth*, 528 U.S. at 189. That does not mean the case remains live if the challenged conduct might recur at any time in the future, no matter how distant. What we cannot foresee, we cannot reasonably expect. Thus, that the conduct must be "reasonably" likely to recur means that there must be a fair prospect that the conduct will recur in the foreseeable future. That fair prospect exists here: given the recent proliferation of nationwide injunctions and the pendency of 15 cases challenging the Repeal or Protection Rules, we cannot exclude the possibility that, as those cases move forward—and by the orders of two judges or even one—the 2015 Rule might again take effect nationwide. Indeed, that is presumably why the plaintiffs in many of those cases are litigating them; and that eventuality would violate what the States say are their rights under the law. This case as a whole, therefore, remains a live one.

*     *     *

We dismiss this appeal as moot and remand the case to the district court for further proceedings consistent with this opinion. We also vacate the district court's order denying the

States' motion for a preliminary injunction, given that mootness precludes us from reviewing the merits of that order.  *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).