NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0007n.06

Case No. 22-5391

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 05, 2023
DEBORAH S. HUNT, Clerk

BE THE BUSH RECOVERY MINISTRIES,

    Plaintiff-Appellant,

v.

COFFEE COUNTY, TENNESSEE,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

---

Before: READLER, MURPHY, and MATHIS, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** After a years-long search for a property suitable for expanding its operations, Be the Bush Recovery Ministries found an ideal one. But there was a catch: county zoning regulations forbade Be the Bush's proposed facility. The ministry sought a preliminary injunction to bar enforcement of those regulations. When that request was denied, Be the Bush appealed to this Court. In the meantime, the property that was the impetus for seeking preliminary relief was sold to another buyer. In view of that sale, Be the Bush cannot show impending irreparable injury at this stage. We therefore affirm the denial of preliminary relief.

I.

Be the Bush is a faith-based nonprofit operating in Coffee County, Tennessee. It runs three residential facilities for individuals recovering from addiction. Hoping to open a new facility, Director Caleb McCall began a real estate search. Eventually, he identified a property on Riley

Creek Road. Once the site of an elementary school, the property now contains a large home Be the Bush believed would be suitable for its needs.

McCall jumped at the opportunity. He contracted to purchase the Riley Creek Road property, aided by a pledge of $800,000 in funding from a local booster. McCall's plan, however, hit a snag. Coffee County had zoned the property for low-density residential, so-called "RS-1," uses. Consistent with the County's preference for "development consisting of single-family dwellings and other structures that are accessory thereto," the only residential structures allowed in RS-1 were single-family homes, duplexes, trailer parks, and campgrounds. That zoning classification did not contemplate a residential unit for 20 to 30 program participants, as Be the Bush envisioned. Through several rounds of negotiation, McCall attempted to secure authorization from County officials to operate in RS-1. Those efforts failed.

So Be the Bush filed suit. Its complaint alleged statutory and constitutional violations stemming from the County's refusal to sanction the ministry's proposed use of the Riley Creek Road property. It also moved for a preliminary injunction to "prevent Coffee County from applying its discriminatory zoning resolution" anywhere in the County. Be the Bush asserted that preliminary relief was necessary due to time limits its benefactor had imposed for the purchase. Following an evidentiary hearing, the district court issued a short oral order denying the motion.

Be the Bush asked this Court to reverse that decision. But before the appeal ran its course, a third party bought the Riley Creek Road property. We consider Be the Bush's appeal with this additional fact in mind.

## II.

A. At the outset, Coffee County asks us to dismiss the appeal. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The County argues that Be the Bush's preliminary

injunction motion (though not its entire suit) is moot because the property at the center of the appeal is now unavailable. Although the question is close, we disagree with the County.

Be the Bush's appeal is moot if a decision in its favor would lack any "practical effect" between now and the district court's entry of final judgment. *See Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc) (quoting *Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020)). In other words, our jurisdiction depends on our continued ability to affect the parties' legal rights. *See id.* In view of the breadth of Be the Bush's requested preliminary relief, that possibility remains. In addition to asserting that Coffee County barred it from operating at the Riley Creek Road property, Be the Bush articulated a broader theory focused on its purportedly unlawful exclusion from all residential areas in the County. If we credit the latter theory at this stage, Be the Bush might be entitled to an injunction permitting it to operate in those areas. That is so even if the Riley Creek Road property was the primary impetus for seeking preliminary relief. In short, because we are still able to order injunctive relief with a practical effect, the County has not cleared the "high hurdle" of demonstrating that the appeal is moot. *See Vitolo v. Guzman*, 999 F.3d 353, 359 (6th Cir. 2021).

B. Although the sale of the Riley Creek Road property does not affect our jurisdiction, it does cast serious doubt on the necessity of a preliminary injunction. We generally review a district court's application of the corresponding four-factor test—likelihood of success on the merits, irreparable harm, the balance of the equities, and the public interest—for an abuse of discretion. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1943–44 (2018) (per curiam); *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326 (6th Cir. 2019). Of the four, the existence of irreparable harm is "indispensable." *D.T.*, 942 F.3d at 327. After all, a preliminary injunction's "fundamental purpose" is to preserve the status quo during litigation to avoid an irreparable injury. *Resurrection*

*Sch.*, 35 F.4th at 531 (Readler, J., concurring in part and dissenting in part). Accordingly, we must assess whether Be the Bush has pointed to a "certain and immediate" injury that could not be avoided absent extraordinary judicial intervention. *D.T.*, 942 F.3d at 327 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

It has not. When it filed its motion, Be the Bush sought to preserve the status quo, namely, the ability to obtain a property it identified as suitable and in a desirable location, with conditional funding from a benefactor. Without an injunction, it alleged that the opportunity would slip away, leaving the ministry irreparably injured. That opportunity did slip away, however, due to a third party's purchase of the Riley Creek Road property. In the wake of that sale, Be the Bush has not identified a similarly pressing opportunity to acquire a replacement property. That is perhaps no surprise considering that McCall testified to having carried out a years-long search before identifying the Riley Creek Road property. Together, these realities fatally undermine Be the Bush's claim to irreparable injury. That said, if Be the Bush does find a new property before final judgment is entered, it may renew its effort to seek preliminary relief. *See* Fed. R. App. P. 8(a)(1)(C), (a)(2) (injunction pending appeal). If so, the district court should develop a factual record to aid our review. *See* Fed. R. Civ. P. 52(a)(2).

Be the Bush believes this hurdle can be overcome by the Court relying on a presumption of irreparable injury in resolving its claims. True, we have employed that presumption in the context of certain constitutional and statutory claims. *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) ("When constitutional rights are threatened or impaired, irreparable injury is presumed."); *Vitolo*, 999 F.3d at 360; *Doster v. Kendall*, 54 F.4th 398, 427–28 (6th Cir. 2022). Whether the same presumption would arise as to Be the Bush's statutory claims is less clear. *Cf. Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012) (holding that a

claim under the Religious Land Use and Institutionalized Persons Act sustained a presumption of irreparable injury). But it is not necessary to decide the issue here. For in this case, the allegedly irreparable injury already happened when the County refused to accommodate Be the Bush at the Riley Creek Road property. In other words, any irreparable injury has already been inflicted. And Be the Bush has not shown a reasonable likelihood that it will happen again during the time it takes to complete this suit. *See Mitchell v. City of Cincinnati*, No. 21-4061, 2022 WL 4546852, at *8 (6th Cir. Sept. 29, 2022) (Murphy, J., concurring in the judgment).

\*      \*      \*      \*      \*

We deny the pending motion to dismiss and affirm the district court's denial of a preliminary injunction.