RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0182p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

JOSEPH FISCHER; FISCHER FOR SUPREME COURT
COMMITTEE; ROBERT A. WINTER, JR.,

                    *Plaintiffs-Appellants*,

    *v.*

HONORABLE KAREN A. THOMAS, as Member, Judicial
Conduct Commission; HONORABLE R. MICHAEL
SULLIVAN, as Member, Judicial Conduct Commission;
HONORABLE EDDY COLEMAN, as Member, Judicial
Conduct Commission; JEFF S. TAYLOR, as Member,
Judicial Conduct Commission; HONORABLE JOE E.
ELLIS, as Member, Judicial Conduct Commission;
HONORABLE JANET LIVELY MCCAULEY, as Member,
Judicial Conduct Commission; JIMMY SHAFFER, as
Executive Secretary, Judicial Conduct Commission,

                    *Defendants-Appellees*.

No. 22-5938

─────────────────

Appeal from the United States District Court for the Eastern District of Kentucky at Covington.
No. 2:22-cv-00121—Karen K. Caldwell, District Judge.

Decided and Filed: August 16, 2023

Before: GRIFFIN, THAPAR, and MURPHY, Circuit Judges.

─────────────────

**COUNSEL**

**ON BRIEF:** Christopher Wiest, CHRIS WIEST, ATTY AT LAW, PLLC, Crestview Hills, Kentucky, Thomas B. Bruns, BRUNS CONNELL VOLLMAR & ARMSTRONG, Cincinnati, Ohio, Zachary Gottesman, GOTTESMAN & ASSOCIATES, Cincinnati, Ohio, for Appellants. Jeffrey C. Mando, Olivia F. Amlung, ADAMS LAW, PLLC, Covington, Kentucky, Bethany A. Breetz, Zachary D. Losey, STITES & HARBISON, PLLC, Louisville, Kentucky, for Appellees.

      THAPAR, J., delivered the opinion of the court in which GRIFFIN and MURPHY, JJ., joined. GRIFFIN, J. (pg. 7), delivered a separate concurring opinion.

---

**OPINION**

---

THAPAR, Circuit Judge. Two judicial candidates sued the Kentucky Judicial Conduct Commission after they heard the Commission planned to investigate their campaign speech. The district court denied a preliminary injunction, and the candidates appealed. We enjoined the Commission from initiating an investigation during the campaign. But the candidates have since lost their elections. Thus, they no longer face a threat of irreparable harm. We affirm the denial of the preliminary injunction and dissolve the injunction pending appeal.

I.

Joseph Fischer and Robert Winter were candidates in Kentucky's 2022 judicial elections. A few months before Election Day, the candidates received letters from the Kentucky Judicial Conduct Commission. According to the letters, the Commission had received complaints alleging that the candidates' campaign speech violated the Code of Judicial Conduct. The letters didn't specify which of the candidates' statements had prompted the complaints, but they did identify general issues. The letters faulted Fischer for identifying as "the nominee of the Republican Party" and faulted both candidates for "seeking, accepting, and using" endorsements from the Republican Party and making promises about abortion issues likely to come before the courts. R. 13-1, Pg. ID 118; R. 13-3, Pg. ID 123. The Commission asked the candidates to respond to the allegations and invited them to discuss their campaigns at a Commission meeting. The Commission would decide after the meeting whether to institute formal proceedings.

Rather than wait for the meeting, the candidates sued. Because the letters didn't specify which of the candidates' statements were problematic, the candidates guessed. Fischer had identified himself as "the Conservative Republican" and used a generic elephant logo in campaign advertising. R. 13, Pg. ID 100. Winter had called himself "conservative" and "a Republican." *Id.* Both candidates had used endorsements from pro-life groups, and both had received (but neither sought nor used) endorsements from local Republican Party committees.

In the candidates' view, the First Amendment protects their statements. They thus asked the district court for a preliminary injunction. Because their campaigns were ongoing, they requested an injunction that would allow them to continue their "protected speech between now and th[e] general election." R. 3, Pg. ID 40. And because the candidates thought that they'd be harmed if the Commission even began formal proceedings, they asked for an injunction "preclud[ing] the initiation of formal proceedings." *Id.*

The district court denied the request, and the candidates appealed. So that they could continue speaking during their campaigns, the candidates asked us to enjoin the Commission from instituting formal proceedings while their appeal was pending. We did. *Fischer v. Thomas*, 52 F.4th 303 (6th Cir. 2022) (per curiam).

Election Day came, and the candidates lost their elections. Because the Commission can still investigate speech the former candidates made during their candidacies, the preliminary-injunction request isn't moot. But now that the election is over, the former candidates won't suffer irreparable harm. Accordingly, we affirm the district court's denial of a preliminary injunction, and we dissolve the injunction pending appeal.

## II.

First, we address our jurisdiction. Article III authorizes federal courts to hear "Cases" and "Controversies." U.S. Const. art. III, § 2. This means that, at "all stages of litigation, a plaintiff must maintain a personal interest in the dispute." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021). At the outset of this appeal, we held the candidates likely had standing because the Commission's proceedings would chill their campaign speech. *Fischer*, 52 F.4th at 307–09; *but see id.* at 314–15 (Griffin, J., dissenting). Now, the election is over, and the Commission argues that the appeal has become moot. The appeal is moot if, because of changed circumstances, a preliminary injunction wouldn't have a "practical effect" on the candidates' rights. *See Ohio v. EPA*, 969 F.3d 306, 308 (6th Cir. 2020).

The candidates sought two types of preliminary injunctive relief. First, they asked for an injunction allowing them to continue their campaign-related speech in the leadup to the November 8, 2022, election. Because the election has passed, that relief wouldn't have a

"practical effect" on the former candidates' ability to speak during a campaign. *See id.* at 309; *see also Operation King's Dream v. Connerly*, 501 F.3d 584, 591–92 (6th Cir. 2007).

Second, the candidates asked for an injunction preventing the Commission from instituting formal proceedings against them. Even after Election Day, the Commission can initiate formal proceedings for conduct occurring during a judicial candidacy. Ky. R. Sup. Ct. 4.025(1). So, the former candidates' requested injunction would still have the "practical effect" of preventing those proceedings. *See EPA*, 969 F.3d at 309. Thus, the appeal isn't moot. *See Powell v. McCormack*, 395 U.S. 486, 497 (1969).

The Commission resists this conclusion by arguing that, without an ongoing election, its proceedings won't affect the thing the candidates were most concerned about: their ability to campaign. But the former candidates worry that the Commission's proceedings will harm them in other ways too, such as by leading to attorney discipline. For mootness purposes, we don't evaluate whether this harm is irreparable. *See Chafin v. Chafin*, 568 U.S. 165, 174 (2013). Instead, we ask whether the injunction will prevent the harm from occurring during the case. *See EPA*, 969 F.3d at 309. By preventing the Commission from initiating formal proceedings against the former candidates, a preliminary injunction would do just that. The preliminary-injunction request isn't moot.

III.

To get a preliminary injunction, the former candidates must show (1) they're likely to succeed on the merits, (2) they're likely to suffer "irreparable harm" without a preliminary injunction, (3) the balance of equities favor an injunction, and (4) an injunction is in the public interest. *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326 (6th Cir. 2019). These four components are often described as factors to be balanced. *Id.* But the irreparable harm requirement is "indispensable." *Id.* at 327. Because the candidates don't meet this requirement, we begin—and end—with it.

In the preliminary-injunction context, "irreparable injury" asks whether, without an injunction, a plaintiff will likely suffer harm *before* final judgment that cannot be remedied at final judgment. *See id.* This makes sense. The purpose of a preliminary injunction "is merely to

preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). If the former candidates aren't likely to suffer harm until after final judgment, or if final judgment would fully remedy their harm, "there's no need to grant relief *now* as opposed to at the end of the lawsuit." *D.T.*, 942 F.3d at 327. Thus, the former candidates must show harm that is likely, not remediable at final judgment, and immediate. *See Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020).

The former candidates identify four harms they claim they'll suffer without an injunction. None meets the irreparable-injury standard.

First, the former candidates argue that formal proceedings will chill their and other candidates' speech in future campaigns. But there's no ongoing election, and the former candidates haven't indicated that there will be before the case reaches final judgment. Thus, the risk of chill isn't "immediate." *See D.T.*, 942 F.3d at 327. If an election looms before this suit is resolved, the candidates can renew their request for preliminary relief then.

Second, the former candidates argue that they'll be irreparably harmed if the Commission punishes them for their past protected speech. To be sure, if the Commission threatened to impair the former candidates' ability to speak "at the time relief was sought," the candidates would suffer an irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). That's because damages don't remedy "[t]he loss of First Amendment freedoms." *See id.* But here, the only speech threatened by the Commission's proceedings has already occurred. Because punishment won't affect the former candidates' ability to speak, the harm caused by punishment isn't irreparable: if a court finds that the past speech was protected, then the appropriate remedy is damages, not an injunction.

Third, the former candidates argue that, once the Commission initiates formal proceedings, a federal court won't be able to stop them, making any harm caused by those proceedings irreparable. That's because federal courts usually won't enjoin ongoing state disciplinary proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Squire v. Coughlan*, 469 F.3d 551, 555–58 (6th Cir. 2006). But this rule, called *Younger* abstention, applies only if state proceedings are "pending" before the federal suit moves beyond its early stages. *Doran v. Salem*

*Inn, Inc.*, 422 U.S. 922, 929–30 (1975); *Hicks v. Miranda*, 422 U.S. 332, 349–50 (1975). Here, the federal suit has already moved beyond that point, and the Commission's proceedings still aren't pending.

To see why, look first to the Commission's proceedings. The former candidates concede that the Commission's proceedings weren't pending when the candidates filed their federal complaint. And nothing has happened in those proceedings since.

Now, look to whether the federal suit has moved beyond the early stages, which depends on whether proceedings "of substance on the merits" have begun. *Id.* at 349–50. They have. In fact, we've enjoined the Commission's proceedings after finding that the candidates were likely to succeed on the merits of their First Amendment claims. That injunction "certainly" qualifies as proceedings of substance on the merits. *See Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (grant of a preliminary injunction "certainly" qualifies).

Since the federal suit has moved beyond the early stages and the Commission's proceedings still aren't pending, *Younger* abstention won't apply. *See Hicks*, 422 U.S. at 349. So, the former candidates can't rely on the possibility of *Younger* abstention to establish irreparable harm.

Finally, the former candidates argue that formal proceedings will harm their reputations. But the former candidates didn't raise this theory of harm below. Thus, they've forfeited the argument. *See Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022).

Because the former candidates haven't shown they'll suffer irreparable harm before final judgment, they aren't entitled to a preliminary injunction. We affirm.

---

**CONCURRENCE**

---

GRIFFIN, Circuit Judge, concurring.

I join the opinion of the court. I write separately to reiterate my view that plaintiffs lack standing to challenge the actions of the Kentucky Judicial Conduct Commission. *See Fischer v. Thomas*, 52 F.4th 303, 313–15 (6th Cir. 2022) (Griffin, J., dissenting). However, because the relevant facts have not changed since my colleagues saw it differently, *see id*. at 313 (staying proceedings), our prior order on standing is the law of the case, *see Howe v. City of Akron*, 801 F.3d 718, 739–40 (6th Cir. 2015).

At this juncture, for the reasons stated by Judge Thapar in his well-written opinion, plaintiffs have failed to show that they would suffer irreparable harm before final judgment and, therefore, are not entitled to a preliminary injunction.