RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0140p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT



ARSEN SARKISOV,

                *Petitioner*,

    *v.*

PAMELA BONDI, Attorney General,

                *Respondent*.

No. 23-3965

On Motion for Stay of Removal.
Petition for Review from the Board of Immigration Appeals.
No. A 098 822 051

Decided and Filed:  May 29, 2025

Before:  GILMAN, GRIFFIN, and THAPAR, Circuit Judges.

_____

### COUNSEL

**ON MOTION FOR STAY OF REMOVAL:**  Arsen Sarkisov, Mt. Pleasant, South Carolina, pro se.  **ON RESPONSE:**  Jennifer A. Bowen, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

### OPINION

_____

THAPAR, Circuit Judge.  An immigration judge issued a final order holding that Arsen Sarkisov, an alien who is unlawfully present in the United States, is subject to deportation.  Over six years later, Sarkisov moved to reopen his case, but the immigration judge denied that motion.  Sarkisov appealed to the Board of Immigration Appeals, which rejected his claim.  In 2023, Sarkisov appealed the Board's decision to our court.  At the same time, he asked our court to stay

the immigration judge's deportation order for the duration of the appeal.  The United States did not oppose this request for a stay.  The case was then paused for almost a year while Sarkisov sought to negotiate a resolution with the government.  But the litigation resumed when those efforts failed.  Sarkisov's motion for a stay is now before us.

The traditional test for a stay governs an alien's request for a stay of removal pending appeal.  *Nken v. Holder*, 556 U.S. 418, 433 (2009).  The alien requesting a stay "bears the burden of showing" that the court should exercise its discretion to award this extraordinary form of equitable relief.  *Id.* at 433–34.

To satisfy that burden, the applicant must show, among other factors, (1) that he is likely to succeed on the merits of his underlying appeal and (2) that he will be irreparably injured without a stay.  *Id.* at 434.  But these two factors "are the most critical."  *Id.*  Only "[o]nce an applicant satisfies the first two factors" does the court assess (3) the harm to the opposing party and (4) weigh the public interest.  *Id.* at 434–35.  These last two factors merge into a single inquiry when the government is the opposing party.  *Id.* at 435.

Here, Sarkisov hasn't met his burden.  His two-page motion doesn't show that he is entitled to a stay under *Nken*.

Start with the first factor, likelihood of success on the merits.  Far from persuading us that he is likely to succeed, Sarkisov's stay motion doesn't say anything at all about the merits.  So he can't establish this factor.

Second, Sarkisov hasn't offered a single reason why he would suffer irreparable harm without a stay.  He offers only the conclusory assertion that "I will suffer irreparable harm if I am removed."  ECF No. 3 at Pg. 1.  But removal from the United States "is not categorically irreparable."  *Nken*, 556 U.S. at 435. When Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, it repealed a prior statute that prevented aliens who leave the United States from continuing to seek review of their removal orders.  *Id.*  Since litigants like Sarkisov are now free to continue pursuing their appeals from abroad if they are deported while the appeal is pending, "the burden of removal alone cannot constitute the requisite irreparable

injury." *Id.* Thus, without any additional arguments showing why his removal during appeal would cause him irreparable harm, Sarkisov can't satisfy this factor.

Sarkisov's failure to satisfy these two "most critical" stay factors—likelihood of success on the merits and irreparable harm—dooms his motion. *Id.* at 434; *see also D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326–27 (6th Cir. 2019) (explaining in the analogous context of a preliminary injunction that irreparable injury is always required before a court may award preliminary equitable relief). In any event, Sarkisov has also failed to establish that his removal pending appeal would harm the public interest. "There is always a public interest in prompt execution of removal orders." *Nken*, 556 U.S. at 436. "The continued presence" in the United States of an alien lawfully determined to be removable "permits and prolongs a continuing violation of United States law." *Id.* (cleaned up). Sarkisov hasn't argued that his case is different.

To be sure, the government has not opposed Sarkisov's motion for a stay. But that doesn't mean that Sarkisov is entitled to relief.

First, the government's non-opposition can't relieve Sarkisov of his burden to satisfy the *Nken* test. Here, neither party has made any arguments about likelihood of success, irreparable harm, or the public interest. And because Sarkisov is the party who "bears the burden of showing that the circumstances justify" an exercise of our equitable discretion, we must hold against him his failure to make that showing. *See id.* at 433–34.

What's more, the government may not effectively compel a court to enter equitable relief by failing to oppose a motion that seeks such relief. A stay pending appeal is an extraordinary remedy that lies within the discretion of the court. Equitable remedies such as stays are "never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). Thus, a court must decide for itself whether this remedy is warranted, even though the government does not oppose its issuance.

Accordingly, the motion for a stay of removal is **DENIED**.