RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0149p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

PCC AIRFOILS, LLC,

               *Plaintiff-Appellant,*

    *v.*

JUSTIN DAUGHERTY; CONSOLIDATED PRECISION
PRODUCTS CORP.,

               *Defendants-Appellees.*

No. 25-3794

———————

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:25-cv-00917—Bridget Meehan Brennan, District Judge.

Argued: April 29, 2026

Decided and Filed: May 19, 2026

Before: SUTTON, Chief Judge; DAVIS and RITZ, Circuit Judges.

———————

## COUNSEL

**ARGUED:** Michael P. Elkon, FISHER & PHILLIPS LLP, Atlanta, Georgia, for Appellant. Phil Eckenrode, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellees. **ON BRIEF:** Michael P. Elkon, Nicole Holtzapple, FISHER & PHILLIPS LLP, Atlanta, Georgia, Russell Beck, BECK REED RIDEN, Boston, Massachusetts, for Appellant. Phil Eckenrode, W. Eric Baisden, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, James M. Drozdowski, Joseph A. Nero, Nancy A. Oliver, KAUFMAN, DROZDOWSKI & GRENDELL, LLC, Pepper Pike, Ohio, for Appellees.

———————

## OPINION

———————

SUTTON, Chief Judge. After working for 26 years as an engineer at PCC Airfoils, Justin Daugherty accepted an offer to become the director of engineering at one of PCC's competitors.

PCC alleges that Daugherty printed several documents containing trade secrets on his way out the door.  It sued and sought a preliminary injunction to prevent Daugherty from disclosing the trade secrets or working on products similar to the ones he worked on while at PCC.  The district court denied the request.  Relying on existing district court precedents, the court explained that PCC failed to meet each of the preliminary injunction factors with "clear and convincing" evidence.  But that approach runs counter to our test for preliminary injunctions.  Rather than requiring clear and convincing evidence for each preliminary injunction factor, a court should consider all four factors to determine whether, taken together, they clearly weigh in favor of granting injunctive relief.  We reverse and remand.

I.

In 1998, Daugherty began working at PCC, where he developed the company's industrial gas turbine airfoils.  In 2020, PCC rewarded his decades of work by promoting him to be the director of engineering.  Within a year, however, the company went through a restructuring and stripped Daugherty of his new title and responsibilities.

Daugherty expressed frustration about the demotion and the lack of promotional opportunities.  But nothing changed.  Daugherty began to think about leaving PCC.  When he received an offer to become the director of engineering at Consolidated Precision Products, one of PCC's competitors, Daugherty took it.  Daugherty did not have a non-compete agreement with PCC.

After Daugherty submitted his resignation, PCC investigated his printing activity to determine whether he took any trade secrets with him.  PCC's analysis identified four documents that Daugherty had potentially queued for printing in the last two days of his employment at the company, each of which contained confidential information about PCC's airfoils.  Forensic analysts could not verify that Daugherty printed the four documents.  When PCC did not find the documents in the materials that Daugherty left behind, it concluded that Daugherty "printed and stole PCC trade secrets on his way out the door." R.15 at 1.

PCC sued Daugherty and Consolidated Precision Products under federal and state law, alleging that Daugherty breached a contractual duty of confidentiality and that he and his new

employer intended to misappropriate PCC's trade secrets.  PCC filed a motion to preliminarily enjoin Daugherty from sharing any trade secrets with the competing company and from working on projects involving industrial gas turbine airfoils.

The district court denied PCC's motion on the ground that PCC failed to "establish its case" for each of the four preliminary injunction factors by "clear and convincing evidence." R.39 at 16 (quotation omitted).  PCC appealed.  *See* 28 U.S.C. § 1292(a)(1).

II.

We review a district court's decision to deny a preliminary injunction under an abuse-of-discretion standard.  *Babler v. Futhey*, 618 F.3d 514, 519 (6th Cir. 2010).  But that can be misleading.  While we apply deferential review to a district court's fact findings and its ultimate judgment about whether to grant the preliminary injunction, we treat a mistake of law as an abuse of discretion.  *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022).

When faced with requests for a preliminary injunction, district courts consider four factors:  (1) the plaintiff's likelihood of success on the merits; (2) the risk of irreparable harm to the plaintiff in the absence of an injunction; (3) the risk that an injunction will harm others; and (4) the broader public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *A1 Diabetes & Med. Supply v. Azar*, 937 F.3d 613, 618 (6th Cir. 2019).

The preliminary injunction factors do not represent a list of "prerequisites to be met," *S. Glazer's Distribs. of Ohio, LLC v. Great Lake Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017), and "no one factor is controlling," *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *see Fetch! Pet Care, Inc. v. Atomic Pawz Inc.*, 170 F.4th 546, 558 (6th Cir. 2026).  Courts, generally speaking, should engage with all four factors in a sliding-scale inquiry.  A strong showing as to one factor may "outweigh[]" a weaker showing as to another factor.  *Winter*, 555 U.S. at 23–24.  After weighing the four factors against one another, a court may grant a preliminary injunction only if a plaintiff has made "a clear showing that [it] is entitled to such relief."  *Id.* at 22.  All of this means that a movant does not need to establish a quantum of proof, whether a preponderance or clear and convincing evidence, with respect to each factor to be eligible for preliminary relief.

Two qualifications exist. If the plaintiff has "no likelihood of success on the merits," there is nothing left to balance and the plaintiff's request for a preliminary injunction must fail regardless of its showing on the other factors. *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 409 (6th Cir. 2024) (quotation omitted). Likewise, a court must reject a plaintiff's request for a preliminary injunction if it fails to show any risk of irreparable injury. *See Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982). "[A]lthough the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019).

Measured by these requirements, the district court erred in requiring PCC to establish "clear and convincing evidence" with respect to each of the four factors in order to be eligible for preliminary relief. *See Fetch!*, 170 F.4th at 558. No such checklist of quantum-of-proof elements exists. While a court should "consider" all four factors, it is a sliding-scale inquiry that turns "as much on the equities of a given case as the substance of the legal issues it presents." *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579–80 (2017) (per curiam) (quotation omitted). The necessary showing for any one factor turns on the strength of the plaintiff's showings for the other factors. Because generalizations are dangerous when it comes to equity, and because the Supreme Court has cautioned that the clear and convincing evidence standard applies in only a few rare circumstances, *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47, 50–52 (2025), a court may not require every plaintiff to meet a heightened standard of proof for every preliminary injunction factor to qualify for injunctive relief. The district court erred in reaching a contrary conclusion.

Because we are "a court of review, not of first view," we leave it to the district court to apply this test to PCC's request in the first instance. *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005). In doing so, we do not mean to cast doubt on the district court's factual findings or any other legal conclusions.

Daugherty resists this conclusion, claiming that a slew of cases supports his position. But none of them justifies departing from our traditional preliminary injunction test.

Daugherty points to Supreme Court case law that says a district court may issue a preliminary injunction only if a plaintiff makes "a clear showing that [it] is entitled to such relief." *Winter*, 555 U.S. at 22. But that overreads the phrase "clear showing" and misplaces its import. Requiring a "clear showing" to obtain a preliminary injunction—because it is an extraordinary form of relief—is not the same thing as requiring "clear and convincing evidence" to establish each of the four factors to establish eligibility for this relief.

Instead of creating a heightened standard of evidentiary proof for each factor individually, the "clear showing" phrase clarifies that, on balance, the four preliminary injunction factors must clearly weigh in the plaintiff's favor to qualify for injunctive relief. *See Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Turning to Sixth Circuit precedents, Daugherty points to a case that says that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). But the four-factor preliminary injunction inquiry *is* more stringent than merely demonstrating a genuine factual dispute, which requires no showing of irreparable injury or likelihood of success on the merits. Fed. R. Civ. P. 56. *Leary* offers no aid.

Neither does *Garlock, Inc. v. United Seal, Inc.* It merely reiterates that a plaintiff must establish "a clear case of irreparable injury" rather than the mere possibility of injury. 404 F.2d 256, 257 (6th Cir. 1968) (per curiam). We agree. As shown above, a plaintiff does not qualify for a preliminary injunction without showing the existence of an irreparable injury.

That leaves *Honeywell, Inc. v. Brewer-Garrett Co.*, 1998 WL 152951 (6th Cir. Mar. 23, 1998). In defense of Daugherty and the district court, that case does contain language supportive of its position. The unpublished opinion says that a plaintiff must "establish its case by clear and convincing evidence" to qualify for a preliminary injunction. *Id.* at *3. But we are not bound by unpublished cases, and *Honeywell* lost whatever persuasive value it had after the Supreme Court's decision in *E.M.D. Sales*. 604 U.S. at 47, 50–52; *see Fetch!*, 170 F.4th at 558.

Daugherty turns to a raft of district court decisions that have applied the clear and convincing evidence standard to preliminary injunctions. But most of these cases rely on *Honeywell* or overread other circuit cases. At most, these district court decisions show that our circuit had not addressed this question before this year. Together, *Fetch!* and today's decision fill that gap. 170 F.4th at 558.

Daugherty does no better when he turns to state-court precedents. Ohio's rules of equity generally apply the clear and convincing evidence standard to the four preliminary injunction factors. *See AK Steel Corp. v. ArcelorMittal USA, LLC*, 55 N.E.3d 1152, 1155 (Ohio Ct. App. 2016) ("The party seeking the preliminary injunction must establish each of these [four] elements by clear and convincing evidence."); *Procter & Gamble Co. v. Stoneham*, 747 N.E.2d 268, 273–74 & n.5 (Ohio Ct. App. 2000). Because one of his claims seeks relief under an Ohio statute, Daugherty contends that Ohio's preliminary injunction rules should apply. But a federal court applies federal procedural rules, even when deciding cases under state law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The preliminary injunction inquiry falls on the procedural side of the line, *see S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991), requiring us to apply federal, not Ohio, rules. And we treat the preliminary injunction considerations as equitable factors to be weighed, not elements to be proved by clear and convincing evidence. *See Glazer's*, 860 F.3d at 849.

Nor has Daugherty shown that a clear and convincing standard applies because another source of law requires it. As the Supreme Court has explained, the "clear and convincing evidence" standard may apply in a civil case if "a statute or the Constitution requires a heightened standard [of proof] or in certain other rare cases, such as when the government seeks to take unusual coercive action—action more dramatic than entering an award of money damages or other conventional relief—against an individual." *E.M.D. Sales*, 604 U.S. at 47 (quotation omitted).

Most preliminary injunction motions do not fall into any of these categories. This case fits that mold. No statute or rule requires clear and convincing evidence for any facet of this dispute. Civil Rule 65 governs the issuance of injunctive relief in federal courts. *See Martin*, 924 F.2d at 102. The rule says nothing about applying a heightened standard of proof to requests

for a preliminary injunction.  *See* Fed. R. Civ. P. 65.  Nor do the two statutes under which PCC brought its action.  *See* 18 U.S.C. § 1836 *et seq.* (Defend Trade Secrets Act); Ohio Rev. Code § 1333.61 *et seq.* (Ohio Uniform Trade Secrets Act).  The Constitution does not mandate a heightened standard of proof either.  *See E.M.D. Sales*, 604 U.S. at 50–51 (noting that the Constitution requires a heightened standard only in "certain First Amendment cases" and in cases involving "a significant deprivation of liberty," such as involuntary commitment to a mental hospital) (quotation omitted).  Nor does this case fit into the narrow class of cases requiring clear and convincing evidence before the government takes unusually coercive action against an individual.  *Id.* at 51 (category applies only to "unusual" situations like expatriation and denaturalization).

The clear and convincing evidence standard thus had no role to play in this case.  Indeed, as it pertains to the plaintiff's likelihood of success on the merits, it seems particularly odd to require the plaintiff to prove its case by a higher standard than will be required at trial even before the parties have had the benefit of discovery.  *See Lackey v. Stinnie*, 604 U.S. 192, 200–02 (2025); *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (a party "is not required to prove his case in full at a preliminary-injunction hearing").  All of this explains why two other Sixth Circuit cases invoked by Daugherty do not apply.  Both of them, *James B. Oswald Co. v. Neate*, 98 F.4th 666, 673 (6th Cir. 2024); *Cromer*, 31 F.4th at 366, involved causes of action with an underlying clear and convincing standard.

Daugherty claims that failing to apply the clear and convincing evidence standard will allow plaintiffs to "effectively receive two opportunities to litigate the same factual disputes," one during a preliminary injunction hearing and the other at trial.  Appellee's Br. 33.  To the extent Daugherty suggests that the consideration of a plaintiff's likelihood of success on the merits will tie a court's hands at trial, our precedent removes that risk.  A "court's resolution of issues in a preliminary-injunction order is never binding on a case's underlying merits." *Mktg. Displays Int'l v. Shaw*, 93 F.4th 967, 971–72 (6th Cir. 2024).  To the extent he thinks this approach will increase the cost and complexity of litigation before trial begins, he overlooks the reality that the question of whether to grant interim injunctive relief is often "itself immensely important."  *Trump v. CASA, Inc.*, 606 U.S. 831, 871 (2025) (Kavanaugh, J., concurring).

Applying the correct test ensures that courts properly consider the equities of each case before answering that question.

We reverse and remand.